R. L. WILLIAMSON v. ALICE WILLIAMSON, EXECUTRIX OF J. P. WIL-
LIAMSON, DECEASED, AND ALICE WILLIAMSON, INDIVIDUALLY.

(Filed 27 September, 1944.)

**1. Judgments §§ 2, 3—**

The power of the court to sign a consent judgment, or to approve a
compromise agreement of the parties, depends upon the unqualified con-
sent of the parties, leaving nothing more to be ascertained by the court.
Such consent must still subsist at the time the court is called upon to
exercise its jurisdiction.

**2. Same—**

A consent judgment may not be signed *nunc pro tunc* over the objec-
tion of one of the parties.

APPEAL by plaintiff from *Pless, J.,* at June Term, 1944, of RUTHER-
FORD.

*Stover P. Dunagan for plaintiff, appellant.*
*J. S. Dockery for defendant, appellee.*

SEAWELL, J.   There was pending in the Superior Court of Rutherford
County an action for the foreclosure of a tax lien brought by the plain-
tiff, R. L. Williamson, against J. P. Williamson and wife, Alice William-
son.   Pending its hearing, there was a compromise agreement between
the parties which took the form of a consent judgment, to be subse-
quently signed by the clerk of the Superior Court upon condition that the
plaintiff had meantime complied with the terms of the agreement which,
upon the undisputed facts, meant the payment of a balance of $50.00.
That judgment was never signed by the clerk—but meantime, the plain-
tiff remained in possession of the land.   Some seven years after the
agreement had been made between the parties, plaintiff gave notice to
Mrs. J. P. Williamson that he would move in the Superior Court at a
stated day to have the judgment signed by the court.

Upon the hearing of this motion, Judge Pless conceiving the matter
still to be before the clerk of the court, sent the motion back to that
official for his action.

At the hearing before the clerk, the defendant, Mrs. Alice Williamson,
acting as executrix of J. P. Williamson and in her individual right,
opposed the motion, withdrew consent, and thereupon the clerk declined
to sign the judgment.

On the appeal to the Superior Court, Judge Pless presiding, the action
of the clerk of the court in refusing to sign the judgment was upheld,
and plaintiff appealed.

WILLIAMSON *v.* WILLIAMSON.

There are two outstanding reasons why the judgment of the Superior Court confirming the action of the clerk in refusing to sign the judgment must be sustained. The first is that the compromise agreement or consent judgment of the parties was transmitted to the clerk to be signed only upon condition. How the satisfaction of that condition should be ascertained is not clear; nor is it material, since unqualified consent of the parties, leaving nothing more to be ascertained by the court, is essential. The acceptance of such consent and its promulgation is the judgment of the court. It is an undisputed fact, however, that no compliance was ever made with the conditions precedent to the signing of the judgment. The second reason is that the consent of the parties must still subsist at the time the court is called upon to exercise its jurisdiction and sign the consent judgment. *Lynch v. Loftin,* 153 N. C., 270, 69 S. E., 143; *Rodriguez v. Rodriguez, ante,* 275, 29 S. E. (2d), 904.

We deem it unnecessary to go into an extended analysis of the nature of consent judgments, or to burden the opinion with a restatement of the holdings of the court on that subject. The principle requiring the consent to be outstanding at the time the judgment is signed or rendered arises from the fact that the agreement of the parties is extrajudicial at the time of its making and at all times until the agreement is presented to the court for its adoption and promulgation. In law it was not so presented until the final hearing of the motion by the clerk under the order of Judge Pless, and, therefore, not until after consent had been withdrawn.

Bearing generally upon the nature of consent judgments, see *Keen v. Parker,* 217 N. C., 378, 8 S. E. (2d), 209; *Jones v. Grigg,* 223 N. C., 279, 25 S. E. (2d), 862; *Edmundson v. Edmundson,* 222 N. C., 181, 22 S. E. (2d), 576.

The judgment could not have been signed *nunc pro tunc;* since the clerk had neither the duty nor the authority to sign it in the first instance.

The judgment of the court below is

Affirmed.