·L. HERBERT KING v. S. A. KING, ADMINISTRATOR OF MRS. SUSAN D. KING.

(Filed 28 November, 1945.)

1. **Judgments § 1—**

It is a settled principle of law in this State that a consent judgment is the contract of the parties entered upon the records with the approval and sanction of a court of competent jurisdiction, and that such contracts cannot be modified or set aside without the consent of the parties thereto, except for fraud or mistake, and then in order to vacate such a judgment an independent action must be instituted.

2. **Judgments § 2—**

The power of the court to sign a consent judgment depends upon the unqualified consent of the parties thereto; and the judgment is void if such consent does not exist at the time the court sanctions or approves the agreement and promulgates it as a judgment.

3. **Judgments § 4—**

When a party to an action denies that he gave his consent to the judgment as entered; the proper procedure to vacate such judgment is by motion in the cause, upon which the court will determine whether or not such party did consent thereto, and a trial by jury will not be allowed as a matter of right. The fact that such party may have inadvertently overlooked the legal effect of the judgment does not entitle him to relief.

APPEAL by plaintiff from *Williams, J.,* at June Term, 1945, of WAKE.

This action was instituted by the plaintiff to recover from his mother's estate the sum of $3,000.00, for alleged services rendered to her during the period from November, 1922, until her death, 19 November, 1944. Plaintiff alleges his mother promised as compensation for his services, to devise and bequeath to him her entire estate. The plaintiff and the defendant, administrator, are the sole heirs of Mrs. Susan D. King.

During the trial of this action a compromise settlement was agreed upon, which obligated the defendant, administrator, to pay to the plaintiff the sum of $1,200.00, in full settlement of his claim for services. Judgment was drawn in favor of the plaintiff and against the defendant for the agreed sum and the attorneys for the respective parties consented thereto and presented it to the court for its sanction. The court signed the judgment as presented. The legal effect of this judgment gave the plaintiff only $600.00, to be paid out of his brother's part of the estate, the other half to be paid from his own share of the estate, he having inherited one-half of his mother's estate. Someone called plaintiff's attention to the fact that he was paying one-half of his own claim, whereupon his attorney agreed that the judgment had been improperly drawn and the next day after it was signed, and after notice to defendant's attorneys, plaintiff moved to set aside the judgment.

---

KING *v.* KING.

---

According to the affidavits filed at the hearing, upon the above motion, the plaintiff and his attorney had discussed the question of the payment of the judgment, and plaintiff's attorney had advised his client that no part thereof would be paid from his share of the estate. It appears from the affidavits filed on behalf of the defendant that the judgment sets forth all the terms of the compromise which were discussed and consented to by the defendant and his attorneys. Whereupon, the court found as a fact that after the judgment had been prepared in the presence of the parties "the same was read over to the plaintiff, who consented thereto; thereupon it was signed in his behalf by his counsel appearing in this case and by the other parties whose names appear thereon; that the plaintiff consented to the terms of the judgment as set out therein and it was duly signed for him and in his behalf by his counsel authorized to appear in this case; that no fraud or deceit was practiced in securing the consent of plaintiff to this judgment and the same was not executed by mistake, surprise or excusable neglect," and denied the motion.

Plaintiff appeals and assigns error.

*John W. Hinsdale for plaintiff.*
*R. O. Everett and Harvey Harward for defendant.*

DENNY, J. The question here is whether or not the plaintiff consented to the judgment entered pursuant to the compromise agreement reached during the trial of the action in the court below.

The appellant now contends the court below was without jurisdiction to hear and pass upon his motion to set aside the judgment, for the reason that a consent judgment can be attacked only in an independent action.

*Justice Winborne,* in speaking for the Court, in *Keen v. Parker,* 217 N. C., 378, 3 S. E. (2d), 209, said: "It is a settled principle of law in this State that a consent judgment is the contract of the parties entered upon the records with the approval and sanction of a court of competent jurisdiction, and that such contracts cannot be modified or set aside without the consent of the parties thereto, except for fraud or mistake, and that in order to vacate such judgment an independent action must be instituted," citing numerous authorities. See also *State ex rel. Jones v. Griggs,* 223 N. C., 279, 25 S. E. (2d), 862.

While it is a settled principle of law in this jurisdiction that a consent judgment cannot be modified or set aside without the consent of the parties thereto, except for fraud or mutual mistake, and the proper procedure to vacate such judgment is by an independent action; it is equally well settled that when a party to an action denies that he gave his consent to the judgment as entered, the proper procedure is by motion in the

cause. *Williamson v. Williamson,* 224 N. C., 474, 31 S. E. (2d), 367; *Rodriguez v. Rodriguez,* 224 N. C., 275, 29 S. E. (2d), 901; *Gibson v. Gordon,* 213 N. C., 666, 197 S. E., 135; *Morgan v. Hood, Comr. of Banks,* 211 N. C., 91, 198 S. E., 115; *Cason v. Shute,* 211 N. C., 195, 189 S. E., 115; *Deitz v. Bolch,* 209 N. C., 202, 183 S. E., 384; *Bank v. Penland,* 206 N. C., 323, 173 S. E., 345; *Bizzell v. Equipment Co.,* 182 N. C., 98, 108 S. E., 439; *Chemical Co. v. Bass,* 175 N. C., 426, 95 S. E., 766; *Chavis v. Brown,* 174 N. C., 122, 93 S. E., 471; *Cox v. Boyden,* 167 N. C., 320, 83 S. E., 246.

The appellant on the one hand argues that the judgment having been entered by consent, is subject to attack only by an independent action; but does not contend that his consent was obtained by fraud or mutual mistake. While on the other hand, he bases his right to relief squarely on the ground that there was no meeting of the minds of the parties, and therefore that he in reality did not consent to the provisions of the judgment as entered.

The power of the court to sign a consent judgment depends upon the unqualified consent of the parties thereto; and the judgment is void if such consent does not exist at the time the court sanctions or approves the agreement and promulgates it as a judgment. *Williamson v. Williamson, supra; Rodriguez v. Rodriguez, supra.* But when the question is raised as to whether or not a party to an action consented to a judgment, the court, upon motion, will determine whether or not such party did consent thereto and a jury trial will not be allowed as a matter of right. *Deitz v. Bolch, supra; Chavis v. Brown, supra.* And the fact that the plaintiff may have inadvertently overlooked the legal effect of the judgment does not entitle him to the relief he now seeks. Moreover, there is nothing in the pleadings to show that any judgment was sought or anticipated other than one against the administrator of the estate of Mrs. Susan D. King. There is no other party defendant. Therefore, in the absence of express provision in the judgment, directing otherwise, the judgment entered herein must necessarily be paid out of the assets of the estate at the equal expense of the heirs at law of Mrs. King.

The facts found by his Honor as to the plaintiff's consent, are supported by the evidence, and the judgment below is

Affirmed.