T. P. LEE v. MATTIE E. RHODES AND H. W. RHODES.

(Filed 19 March, 1947.)

1. Judgments § 19—

Ordinarily, where a judgment is rendered in open court and some memorandum or minute of the court appears of record showing what the judgment is, formal judgment based thereon may be later entered, but this rule does not apply to a consent judgment which requires the consent of the parties to subsist at the time it is signed in order to give the court jurisdiction.

2. Judgments § 1—

A consent judgment is the contract of the parties entered upon the records with the approval and sanction of a court of competent jurisdiction, and is not, strictly speaking, a judgment of the court.

3. Judgments § 2—

Pending trial, plaintiff's attorney, plaintiff being present and making no objection, announced that the parties had agreed to a settlement. The court approved the terms of the settlement, directed the withdrawal of a juror and ordered a mistrial. Upon tender of judgment by defendants' attorney in accordance with the settlement, plaintiff appeared *in propria persona,* repudiated the agreement and requested the court not to sign the judgment. *Held:* The court was without jurisdiction to sign the judgment.

APPEAL by defendants from *Burgwyn, Special Judge,* at January Term, 1947, of JOHNSTON.

Civil action instituted as a summary proceeding in ejectment. The defendants denied they were in possession under a rental contract with the plaintiff, alleging that they were the owners of the property and that the deed executed by them to the plaintiff was in fact intended to be a mortgage to secure certain indebtedness to the plaintiff, etc. After the trial had been in progress for two days, the parties agreed to a settlement by which the defendants were to pay the plaintiff $3,500.00 in cash, for the redemption of their land and in settlement of certain other claims against the defendants.

The terms of the settlement were communicated to the trial judge by plaintiff's counsel in open court, in the presence of the plaintiff, who made no objection thereto. His Honor expressed approval of the settlement, instructed the clerk to withdraw a juror and ordered a mistrial.

Several days later, judgment was tendered by defendants' counsel in accordance with the terms of the compromise agreement, at which time the plaintiff appeared in his own behalf and repudiated the agreement and informed the court that "he did not understand what he was agreeing to at the time he agreed to the settlement," and requested the court not to sign the judgment.

From the refusal of the court to sign the judgment as tendered, the defendants excepted and appealed to the Supreme Court.

*Leon G. Stevens and Wellons & Canaday for plaintiff.*
*A. M. Noble and Lyon & Lyon for defendants.*

DENNY, J. The conduct of the plaintiff, if considered in its most favorable light, does not appeal to the conscience of the Court. Even so, the record presents for our consideration and determination a question of law rather than one of ethics.

The appellants are relying upon the decisions of this Court in which it has been held that the requirement that a judgment should be signed by the judge is only directory; and that when a judgment is passed in open court and filed with the papers as a part of the judgment roll, it is a valid judgment, *Range Co. v. Carver,* 118 N. C., 328, 24 S. E., 352. *McDonald v. Howe,* 178 N. C., 257, 100 S. E., 427; *Brown v. Harding,* 170 N. C., 253, 86 S. E., 1010; *Bond v. Wool,* 113 N. C., 20, 18 S. E., 77; *Keener v. Goodson,* 89 N. C., 273; *Matthews v. Joyce,* 85 N. C., 258; *Rollins v. Henry,* 78 N. C., 342.

Ordinarily when a court renders a judgment and there is some memorandum or minute in the records of the court, which discloses what the judgment was, it will be held sufficient and a formal judgment based thereon may be entered *nunc pro tunc* at a succeeding term. *McDonald v. Howe, supra; Brown v. Harding, supra; Ferrell v. Hales,* 119 N. C., 199, 25 S. E., 821; *Grantham v. Kennedy,* 91 N. C., 148; *Logan v.*

*Harris,* 90 N. C., 8; *Jacobs v. Burgwyn,* 63 N. C., 193; *Davis v. Shaver,* 61 N. C., 18.

The above decisions, however, are not applicable to the facts presented here. There is a distinction between a judgment rendered by a court pursuant to its inherent power to hear and determine a controversy, and a consent judgment.

A consent judgment is not, strictly speaking, a judgment of the court, *Lynch v. Loflin,* 153 N. C., 270, 69 S. E., 143, but is merely the contract of the parties entered upon the records of a court of competent jurisdiction with its approval and sanction, and such contract cannot be modified or set aside without the consent of the parties thereto, except for fraud or mistake, *Keen v. Parker,* 217 N. C., 378, 3 S. E. (2d), 209. *King v. King,* 225 N. C., 639, 35 S. E. (2d), 889; *S. v. Griggs,* 223 N. C., 279, 25 S. E. (2d), 862. Moreover, the power of a court to sign a consent judgment depends upon the unqualified consent of the parties thereto, *King v. King, supra,* and "the consent of the parties must still subsist at the time the court is called upon to exercise its jurisdiction and sign the consent judgment," *Williamson v. Williamson,* 224 N. C., 474, 31 S. E. (2d), 367. *Rodriguez v. Rodriguez,* 224 N. C., 275, 29 S. E. (2d), 901; *Edmundson v. Edmundson,* 222 N. C., 181, 22 S. E. (2d), 576; *Gardiner v. May,* 172 N. C., 192, 89 S. E., 955.

As contended by the appellants, the plaintiff may have acted in bad faith in withdrawing his consent to the settlement of this case. His purpose in so doing may have been to hinder and delay the court in the administration of justice. If so, the court was not without power to deal with such conduct. But, it was without power to sign a judgment, based upon the consent of the parties, after one of the parties repudiated the agreement and had withdrawn his consent thereto.

His Honor was correct in refusing to sign the judgment as tendered. The judgment of the court below is

Affirmed.