J. A. PEACE, R. A. PEACE AND WIFE, LONIE G. PEACE, v. CITY OF HIGH POINT.

(Filed 10 December, 1952.)

**1. Appeal and Error § 2—**

An appeal from the refusal of the court to dismiss the action is premature.

**2. Appeal and Error § 1—**

Where an appeal is dismissed, the Supreme Court in its discretion may nevertheless discuss the question sought to be presented.

**3. Judgments § 4—**

The unambiguous terms of a consent judgment must be given effect until such judgment is modified or set aside in a proper proceeding.

APPEAL by defendant from *Patton, Special Judge,* June Term, 1952, of GUILFORD (High Point Division).

Plaintiffs instituted this action to recover damages resulting from noxious odors on their premises caused by the dumping and burning of dead carcasses, garbage, decayed fruit, etc., by the defendant on its premises near the plaintiffs' property; thereby creating and maintaining a nuisance, allegedly in violation of the provisions of a consent judgment entered at the January Term, 1927, of the Superior Court of Guilford County, in an action by J. A. Peace *v.* City of High Point for permanent damages resulting from the dumping of garbage on the property of the city adjacent to that of the plaintiffs.

The present action involves 4½ acres of the 15.13 acres involved in the previous action.

The defendant filed an answer and moved to dismiss the action on the ground that the judgment in the former action constitutes a bar to the present action; that while counsel for defendant city purported to consent to the insertion of the portion of the judgment in the former action, upon which the present action is bottomed, such counsel were wholly without

authority on behalf of said city to consent to the insertion of such provisions, which read as follows: .

"BY AND WITH THE CONSENT OF THE PARTIES HERETO, IT IS ORDERED AND ADJUDGED that the City of High Point shall not have the right hereafter to deposit or burn on the premises owned by it and described in the complaint animal matter such as dead carcasses; garbage, such as decayed fruit and vegetable matter, such as cabbage, potatoes, oranges, onions, etc., and automobile tires, with these exceptions, the City of High Point shall have a right to use the same as a general dumping ground as aforesaid and deposit or burn whatever it dumps thereon."

The motion was denied and the defendant appeals and assigns error.

*James B. Lovelace and Frazier & Frazier for plaintiffs, appellees.*
*G. H. Jones for defendant, appellant.*

PER CURIAM.  This appeal is premature and must be dismissed.  *Bargain House v. Jefferson,* 180 N.C. 32, 103 S.E. 922.  Even so, in the exercise of our discretion, we will state that so long as the consent judgment in the previous action is not modified or set aside with respect to the above provisions, the fact that permanent damages were awarded therein will not constitute a bar to the present action.  And a consent judgment may be modified or set aside only in the manner pointed out in *King v. King,* 225 N.C. 639, 35 S.E. 2d 893, and authorities cited therein.

Appeal dismissed.