STATE HIGHWAY COMMISSION v. HENRY WILSON ROWSON; ABRAHAM ROWSON, JR., EXECUTOR; KNOWN AND UNKNOWN BORN AND UNBORN HEIRS OF ABRAHAM ROWSON, DECEASED; AND RICHARD POWELL ANCILLARY ADMINISTRATOR

No. 692SC232

(Filed 13 August 1969)

1. **Judgments § 8— consent judgment defined**

A consent judgment is the contract of the parties entered upon the records of a court of competent jurisdiction with its sanction and approval.

2. **Judgments § 8— jurisdiction of court to enter consent judgment — consent of parties**

The power of a court to sign a consent judgment depends upon the unqualified consent of the parties thereto, which consent must still subsist at the time the court is called upon to exercise its jurisdiction and sign the consent judgment.

3. **Judgments § 8— jurisdiction of court to sign consent judgment repudiated by one party**

In this highway condemnation action, the trial court was without power to sign a judgment, based upon the consent of the parties, after defendant repudiated the agreement and withdrew his consent thereto.

4. **Judgments § 21— setting aside consent judgment — motion in the cause — judgment void on its face**

Ordinarily when a party to a purported consent judgment denies that he actually consented thereto, the question is properly raised by a motion in the cause, but where the consent judgment shows on its face that defendant who appealed from the judgment had repudiated his agreement and no longer consented to the judgment at the time it was signed, the judgment is void on its face and it was not necessary for the non-consenting defendant to move to set it aside.

APPEAL by defendants, Henry Wilson Rowson and Richard Powell, Ancilliary Administrator, from *Cowper, J.,* 12 November 1968 Session of WASHINGTON Superior Court.

This is a condemnation proceeding instituted by plaintiff to acquire title to certain lands owned by defendant Henry Wilson Rowson for Highway Project No. 8.2266501. Plaintiff filed complaint and declaration of taking pursuant to G.S. 136-103 in which plaintiff estimated the sum of $6,000.00 to be just compensation for the taking, and plaintiff deposited that amount with the clerk of superior court at the time the suit was instituted. The defendant, Henry Wilson Rowson, filed answer, alleging he was sole owner of the land in question and that he had been damaged in the amount of $22,500.00 as a result of the taking, which amount he seeks to recover from plaintiff. The case came on for trial at the 12 November 1968 Session of Washington Superior Court. The following appears in the minutes of that session of court:

"This case was called and agreement was reached between all parties in open court. It was agreed that judgment be prepared and same be signed out of term, out of the county and out of the district."

Thereafter, under date of 27 January 1969, the judge of superior court signed a "consent judgment" containing the following:

"THIS CAUSE coming on to be heard and being heard before the undersigned Judge of the Superior Court and it appearing to the Court and the Court finding as fact:

\*          \*          \*          \*          \*

"That this case was set for trial on November 12, 1968, before the Honorable Albert W. Cowper in the Superior Court of Washington County. That upon the request of the plaintiff and the defendants, Judge Cowper held up the trial of this action for several hours while the plaintiff and defendants attempted to negotiate a settlement in this action. That a settlement was reached in open court before Judge Cowper, witnessed by Richard Powell of Greenville, North Carolina and David Rublin of Mount Vernon, New York, Attorneys for the defendants. W. L. Whitley and James E. Magner, Attorneys for the defendant, State Highway Commission, also witnessed this settlement, the plaintiff agreed to pay and the defendants agreed to accept an additional sum of ONE THOUSAND DOLLARS ($1,000.00) which included interest plus the original deposit of SIX THOUSAND DOLLARS ($6,000.00) making a total of SEVEN THOUSAND DOLLARS ($7,000.00) as full and just compensation for the appropriation of the interest and area taken as set forth in the Complaint and Declaration of Taking and as hereinafter more particularly described; for any and all dam-

ages caused by the construction of State Highway Project 8.2266501, Washington County and for the past and future use thereof by the State Highway Commission, its successors and assigns, for all purposes for which the Highway Commission is authorized by law to subject the same.

"That upon the presentation of the Judgment to said defendant, Henry Wilson Rowson, for his signature, he refused to sign the Judgment and stated that he will refuse to sign any Consent Judgment concerning the settlement of this case, thereby repudiating his agreement reached in open court before Judge Cowper and the witnesses that are hereinabove set out. That the plaintiff, State Highway Commission, has in its possession a check for the additional ONE THOUSAND DOLLARS ($1,-000.00) agreed upon and will deposit said check with the Clerk of Court of Washington County as soon as the Judgment is signed by the undersigned Judge of the Superior Court of North Carolina."

Based on these findings, Judge Cowper ordered the plaintiff Highway Commission to pay the additional $1,000.00 into court and adjudged that the sum of $7,000.00, being the total amount of the original deposit plus the additional $1,000.00, was the full, fair and adequate value of the land involved in this proceeding, and represented just compensation for the taking.

To the entry of this judgment the defendant, Henry Wilson Rowson, and Richard Powell, Ancillary Administrator, excepted and appealed.

*Attorney General Robert Morgan, Deputy Attorney General Harrison Lewis and Staff Attorney James E. Magner for State Highway Commission, plaintiff appellee.*

*Richard Powell for defendant appellants.*

PARKER, J.

**[1-3]** It is a settled principle of law in this State that a consent judgment is the contract of the parties entered upon the records of a court of competent jurisdiction with its sanction and approval. *King v. King,* 225 N.C. 639, 35 S.E. 2d 893; *Keen v. Parker,* 217 N.C. 378, 3 S.E. 2d 209. "Moreover, the power of a court to sign a consent judgment depends upon the unqualified consent of the parties thereto, *King v. King, supra,* and 'the consent of the parties must still subsist at the time the court is called upon to exercise its juris-

diction and sign the consent judgment.'" *Lee v. Rhodes*, 227 N.C. 240, 242, 41 S.E. 2d 747, 748. The last cited case is determinative of the case presently before us. In *Lee v. Rhodes, supra*, after the trial had been in progress for two days, the parties agreed to a settlement, the terms of which were communicated to the trial judge by plaintiff's counsel in open court, in the presence of the plaintiff, who made no objection thereto. The trial judge expressed approval of the settlement. However, when several days later judgment was tendered in accordance with the terms of the compromise agreement, the plaintiff repudiated the agreement. On appeal the North Carolina Supreme Court in an opinion by Denny, J. (later C.J.) held that the trial court "was without power to sign a judgment, based upon the consent of the parties, after one of the parties repudiated the agreement and had withdrawn his consent thereto."

[4]    Ordinarily when a party to a purported consent judgment denies that he actually consented thereto, the question is properly raised by a motion in the cause. *Overton v. Overton*, 259 N.C. 31, 129 S.E. 2d 593; *King v. King, supra*. In the present case, however, the consent judgment shows on its face that the appealing defendant, Henry Wilson Rowson, had repudiated his agreement and no longer consented to the judgment at the time it was signed. Therefore the judgment was void upon its face, and it was not necessary for the non-consenting defendant to move to set it aside. The judgment appealed from being void, the same should be stricken and this cause remanded to the superior court for trial.

Reversed and remanded.

MALLARD, C.J., and BRITT, J., concur.