## SHERMAN SHORE v. PATRICIA PATTERSON SHORE
### No. 7021DC60

(Filed 4 February 1970)

1. **Appeal and Error §§ 16, 41— consolidation of cases for purpose of appeal — authority of district court**

   The district court is without authority to consolidate two cases for the purpose of an appeal.

2. **Appeal and Error § 41— cases consolidated for trial — record on appeal**

   Cases consolidated for trial may be appealed by filing in the Court of Appeals one record.

3. **Appeal and Error § 45— abandonment of exceptions**

   Where appellant docketed in the Court of Appeals a single record on appeal attempting to appeal from the entry of orders in two separate cases, but appellant failed to bring forward his exception to the order entered in the second case, the Court of Appeals has before it only those assignments of error relating to the order entered in the first case.

4. **Judgments § 9— consent judgment — lack of defendant's consent**

   Purported consent judgment signed by the presiding judge is void for lack of defendant's consent where there is nothing in the record to indicate that defendant or her attorney knew that the consent judgment had been tendered to and signed by the judge, and there is nothing in the record to indicate that defendant or her attorney was afforded an opportunity either to consent to the judgment or repudiate the agreement allegedly entered into earlier by the parties.

5. **Judgments § 21; Courts § 9— setting aside consent judgment — motion in the cause — power to set aside judgment entered by another judge**

   District court judge had power to set aside a purported consent judgment entered by another district court judge upon defendant's motion in the cause to set aside the judgment on the ground that defendant and her attorney had not consented thereto.

APPEAL by plaintiff from *Alexander, District Judge,* 8 October 1969, in chambers, FORSYTH District Court.

The record on appeal docketed in this Court discloses that on 30 August 1968 the plaintiff, husband, filed in the District Court of Forsyth County, North Carolina, an action for absolute divorce on the ground of adultery, and that the defendant, wife, filed an answer denying the allegations of the complaint, and pleaded a cross-action for alimony without divorce, custody and support for the minor child, possession of the dwelling house, and counsel fees. On 29 May 1969 District Judge Clifford entered an order providing for custody

and support of the minor child, and subsistence for the defendant pending the final determination of the cause.

On 20 August 1969 plaintiff filed in the District Court of Forsyth County another action against his wife for an absolute divorce on the ground of one-year separation, and on 5 September 1969 the defendant filed an answer to the second action denying the allegations of the complaint and pleaded a cross-action for alimony without divorce, custody and support for the minor child, possession of the dwelling house, and counsel fees.

On 15 September 1969 District Judge Clifford signed, *nunc pro tunc,* a paper writing purporting to be a "Consent Judgment" in the action filed 30 August 1968. The "Consent Judgment" in part reads as follows:

> "This cause coming on for trial at the July 14, 1969 Civil Session of Forsyth District Court presiding [sic] over by The Honorable John C. Clifford, Judge of the 21st Judicial District Court, both Plaintiff and Defendant having presented evidence and the issues having been submitted to the jury, counsel for the Defendant requested a conference in chambers to attempt to reach a consent settlement between the parties; the Court being present during the negotiations of the attorneys and the attorneys conferring several times privately with their respective clients; it appearing to the Court that a reasonable settlement agreement has been reached by consent of the parties in open Court:
>
> "IT IS NOW, THEREFORE, BY CONSENT THE JUDGMENT OF THE COURT:
>
> *          *          *
>
> "(7)    One juror is withdrawn and a mistrial declared and the Plaintiff's action for divorce on the grounds of adultery is dismissed, and the defendant's cross-action is also dismissed.
>
> "(8)    That due to unexplained delays of counsel, formal judgment in this cause has not been entered; this Judgment nunc pro tunc is entered this 15 day of September, 1969.
>
> "s/ J. C. CLIFFORD<br>Judge Presiding"

The "Consent Judgment" was signed by the plaintiff and his attorney, Ralph E. Goodale, but was not signed by either the defendant or her attorney.

On 19 September 1969 the defendant moved before District

Judge Alexander that the "Consent Judgment" entered by Judge Clifford be set aside as being null and void because the defendant and her attorney had not consented thereto. The plaintiff replied to the motion on 24 September 1969, and on 6 October 1969 District Judge Alexander entered an order setting aside the "Consent Judgment" as follows:

"THIS CAUSE coming on to be heard before the undersigned Judge of the Forsyth County District Court and being heard upon the defendant's motion to set aside 'CONSENT JUDGMENT' entered in the above action on September 15, 1969;

"And it appearing to the Court that the purported 'CONSENT JUDGMENT' was never consented to by either defendant or her attorney of record;

"And the Court being of the opinion that the aforesaid 'CONSENT JUDGMENT' is void for a lack of defendant's consent and should be set aside;

"It further appearing that the above action is pending trial in the District Court of Forsyth County, North Carolina; that temporary order for alimony and child support pendente lite entered in this cause on May 29, 1969, by The Honorable J. C. Clifford, Judge Presiding, is and remains in full force and effect; "NOW, THEREFORE, it is ORDERED that the purported 'CONSENT JUDGMENT' be, and the same hereby is, set aside.

"It is further ORDERED that the Order of the Honorable J. C. Clifford, entered May 29, 1969, with regard to temporary alimony and child support is continued in full force and effect pending further order of this Court.

"This the 6th day of October, 1969.

"s/ ABNER ALEXANDER
Judge Presiding"

On 17 September 1969 the plaintiff filed a "Plea in Bar" pleading the "Consent Judgment" in bar of the defendant's cross-action set up in the answer of the defendant to the second action. On 6 October 1969 District Judge Alexander entered an order sustaining plaintiff's "Plea in Bar" and extending the time for the defendant to file an amended answer in the second action.

The plaintiff excepted to the order of Judge Alexander dated 6 October 1969 setting aside the "Consent Judgment", and also excepted to Judge Alexander's order dated 6 October 1969 extending the

time for the defendant to file an amended answer in the second action, and gave notice of appeal to this Court.

On 8 October 1969 Judge Alexander entered an order purporting to consolidate the two cases "for the purpose of appeal".

*Ralph E. Goodale, for plaintiff appellant.*

*James J. Booker and Randolph and Randolph, by Clyde C. Randolph, Jr., for defendant appellee.*

HEDRICK, J.

[1, 3]    The District Court is without authority to consolidate two cases "for the purpose of appeal." Cases consolidated for trial may be appealed by filing in the Court of Appeals one record. *Conley v. Pearce-Young-Angel Co.; Rutherford v. Pearce-Young-Angel Co.,* 224 N.C. 211, 29 S.E. 2d 740; 1 Strong, N.C. Index 2d, Appeal and Error, § 41. Rule 14, Rules of Practice in the Court of Appeals of North Carolina, provides that upon proper motion two cases may be consolidated for argument before this Court. In the instant case, the appellant has docketed in this Court a single record on appeal attempting to appeal from the entry of orders in two separate cases. The appellant has failed to bring forward his exception to the order entered in the second case extending the time for the defendant to file an amended answer; therefore, we have before us only those assignments of error relating to the order setting aside the "Consent Judgment" in the first case.

[4]    The appellant's first assignment of error is as follows: "May a party who has personally consented to judgment in open court and accepted a benefit provided in said judgment later withdraw such consent and have the judgment set aside for want of consent?" Our Court was faced with this same question in *Highway Comm. v. Rowson,* 5 N.C. App. 629, 169 S.E. 2d 132 (1969). In that case an agreement was reached between the parties at the 12 November 1968 session of Washington Superior Court with the parties thereto agreeing that the judgment could be prepared and signed out of term, out of the county and out of the district. On 27 January 1969 Judge Cowper signed a "consent order" which contained within it the statement that the defendant refused to sign the judgment. The defendant excepted to the entry of the judgment. Parker, J., speaking for the Court, stated:

> "It is a settled principle of law in this State that a consent judgment is the contract of the parties entered upon the records of a

court of competent jurisdiction with its sanction and approval. *King v. King,* 225 N.C. 639, 35 S.E. 2d 893; *Keen v. Parker,* 217 N.C. 378, 3 S.E. 2d 209. 'Moreover, the power of a court to sign a consent judgment depends upon the unqualified consent of the parties thereto, *King v. King, supra,* and "the consent of the parties must still subsist at the time the court is called upon to exercise its jurisdiction and sign the consent judgment." ' *Lee v. Rhodes,* 227 N.C. 240, 242, 41 S.E. 2d 747, 748."

In the instant case, there is nothing in the record to indicate that the defendant or her attorney of record had any knowledge that the "Consent Judgment" had been tendered to and signed by Judge Clifford. There is nothing in the record to indicate that the defendant or her attorney of record was afforded an opportunity to either consent to the judgment or repudiate the agreement allegedly earlier entered into by the parties. The judgment is void on its face for lack of consent. *Lee v. Rhodes,* 227 N.C. 240, 41 S.E. 2d 747; *Highway Comm. v. Rowson, supra.*

**[5]** The appellant contends in his second assignment of error that one district court judge may not set aside the judgment of another district court judge. Upon learning of the entry of the "Consent Judgment", the defendant made a motion in the cause that the same be set aside. "When a party to an action denies that he gave his consent to the judgment as entered, the proper procedure is by motion in the cause. And when the question is raised, *the court, upon motion, will determine the question.* The findings of fact made by the trial judge in making such determination, where there is some supporting evidence, are final and binding on this Court. *Ledford v. Ledford, supra.*" (Emphasis added) *Overton v. Overton,* 259 N.C. 31, 129 S.E. 2d 593 (1963).

The order of District Judge Alexander dated 6 October 1969 setting aside the "Consent Judgment" of District Judge Clifford dated 15 September 1969 is affirmed.

Affirmed.

CAMPBELL and PARKER, JJ., concur.