CHARLES WADE FREEDLE v. FOY WILBUR MOOREFIELD AND
L. A. REYNOLDS COMPANY

No. 7321SC55

(Filed 31 January 1973)

Judgments § 9— repudiation of settlement by one party — jurisdiction of court to enter judgment

Where plaintiff instituted an action for personal injuries against defendant, defendant offered a sum in settlement which plaintiff's counsel accepted pursuant to oral authority given him by his client, plaintiff advised his counsel that he did not want to settle for the amount offered and plaintiff refused the settlement check tendered by defendant, the trial court was without power to sign a judgment based upon the settlement of the parties.

APPEAL by plaintiff from *Collier, Judge,* 4 September 1972 Session of FORSYTH Superior Court.

The undisputed facts appear to be as follows:

On 14 January 1971 plaintiff instituted this action to recover for personal injuries received in a two-truck collision on 24 February 1969. The case was calendared and scheduled for trial in Forsyth Superior Court on 20 March 1972. On Friday, 17 March 1972, following considerable negotiations, counsel for defendants communicated to counsel for plaintiff an offer of $10,250 and the costs of court in complete settlement of all matters in controversy between plaintiff and defendants. Pursuant to oral authority given him by his client, plaintiff's counsel advised defendants' counsel that the offer was accepted. On Saturday, 18 March 1972, plaintiff called his counsel and advised that he did not wish to settle his case for the amount offered. Plaintiff's counsel immediately contacted defendants' counsel and advised him of plaintiff's position.

On Monday, 20 March 1972, settlement check was tendered plaintiff's counsel and on being advised of the facts, the trial judge continued the case for the term. On 7 July 1972, defendants' counsel filed a motion setting forth facts substantially as above stated and asked the court for an order directing plaintiff to comply with the terms of the settlement or, in the alternative, dismissing the action.

Following a hearing on the motion, the court found facts as contended by defendants and entered judgment that plaintiff

recover of defendants the sum of $10,250 and the costs of court in complete settlement of all matters in controversy between the parties in this action. Plaintiff appealed.

*Craige, Brawley by C. Thomas Ross for plaintiff appellant.*

*Hudson, Petree, Stockton, Stockton & Robinson by W. F. Maready for defendant appellees.*

BRITT, Judge.

We think this case is controlled by *Lee v. Rhodes,* 227 N.C. 240, 41 S.E. 2d 747 (1947) and *Highway Commission v. Rowson,* 5 N.C. App. 629, 169 S.E. 2d 132 (1969). No worthwhile purpose would be served in repeating the reasoning and citing again the authorities set forth in those opinions.

Appropriate to this case are the following comments by Justice (later Chief Justice) Denny in *Lee v. Rhodes, supra:* "The conduct of the plaintiff, if considered in its most favorable light, does not appeal to the conscience of the Court. Even so, the record presents for our consideration and determination a question of law rather than one of ethics. * * * . . . [The court] was without power to sign a judgment, based upon the consent of the parties, after one of the parties repudiated the agreement and had withdrawn his consent thereto."

The judgment appealed from is vacated and this cause is remanded to the superior court for further proceedings.

Judgment vacated and cause remanded.

Judges PARKER and VAUGHN concur.