BETTY J. COX v. L. STEPHEN COX

No. 783DC1057

(Filed 6 November 1979)

**Judgments § 21— amendment of consent judgment—legal consequence different from what contemplated**

The fact that the legal consequence of a consent judgment for alimony was different than what the parties contemplated is not a sufficient reason to amend the consent judgment without the agreement of both parties.

Judge MITCHELL concurs in the result.

APPEAL by plaintiff from *Phillips (Herbert O. III), Judge.* Judgment entered 26 July 1978 in District Court, PITT County. Heard in the Court of Appeals 26 June 1979.

This is an appeal by the plaintiff from an order of the District Court of Pitt County amending a consent judgment. On 27 August 1975 a final judgment was entered with the consent of both parties providing the defendant would make alimony payments to the plaintiff. Among the provisions of the judgment was the following:

"4. That as a part of their property settlement agreement and in consideration of the agreement by the defendant to provide and pay alimony to the plaintiff as herein required, the plaintiff, Betty J. Cox, agrees to convey . . . to the defendant, L. Stephen Cox, all her right, title, interest and estate in and to any and all real and personal property now owned and held by the parties . . . except such personal property as is now in the possession of the said plaintiff, Betty J. Cox . . . ."

The North Carolina Department of Revenue and the Internal Revenue Service questioned a deduction under this judgment by the defendant on his income tax returns. On 10 Feburary 1977, the defendant made a motion in the cause to amend the judgment

by deleting from paragraph four the words "and in consideration of the agreement by the Defendant to pay alimony to the Plaintiff as herein required . . . ." After a hearing, the district court allowed the defendant's motion in the cause by deleting the words from the judgment as prayed for by the defendant.

Plaintiff appealed.

*James, Hite, Cavendish and Blount, by M. E. Cavendish, for plaintiff appellant.*

*White, Allen, Hooten, Hodges and Hines, by Thomas J. White, for defendant appellee.*

WEBB, Judge.

We hold the district court committed error in amending the consent judgment. There have been many cases in this state dealing with the setting aside or amendment of consent judgments. *See Holsomback v. Holsomback,* 273 N.C. 728, 161 S.E. 2d 99 (1968); *Cranford v. Steed,* 268 N.C. 595, 151 S.E. 2d 206 (1966); *Becker v. Becker,* 262 N.C. 685, 138 S.E. 2d 507 (1964); *Overton v. Overton,* 259 N.C. 31, 129 S.E. 2d 593 (1963); *King v. King,* 225 N.C. 639, 35 S.E. 2d 893 (1945); *Hazard v. Hazard,* 35 N.C. App. 668, 242 S.E. 2d 196 (1978); *Blankenship v. Price,* 27 N.C. App. 20, 217 S.E. 2d 709 (1975); *Shore v. Shore,* 7 N.C. App. 197, 171 S.E. 2d 798 (1970); *Highway Comm. v. Rowson,* 5 N.C. App. 629, 169 S.E. 2d 132 (1969); *Highway Comm. v. School,* 5 N.C. App. 684, 169 S.E. 2d 193 (1969). From a reading of these cases, we believe the rule is that a consent judgment is not only a judgment of the court but is also a contract between the parties. It cannot be amended without showing fraud or mutual mistake, which showing must be by a separate action, or by showing the judgment as signed was not consented to by a party, which showing may be by motion in the cause. The appellee's argument is that both parties agreed that the payments to the plaintiff would be treated as alimony which the plaintiff would report as income and which defendant would deduct from his income for tax purposes. Whatever the tax consequences would be, each party consented to the judgment as drawn. We hold that the fact that the legal consequence of the signing of the judgment was different than what the parties contemplated is not a sufficient reason to amend a consent judgment unless both parties agree to the change. *See*

*King v. King, supra.* It was error for the district court to order the amendment to the consent judgment.

Reversed and remanded.

Judge MARTIN (Robert M.) concurs.

Judge MITCHELL concurs in the result.