FLORA S. BRUNDAGE and JAMES A. BRUNDAGE, Plaintiffs v. ROBERT L. FOYE and WILMA FOYE, Defendants

No. 9311SC620

(Filed 7 March 1995)

**Judgments § 396 (NCI4th)— consent judgment set aside as to one party only—error**

Where a consent judgment was entered against two defendants without one defendant's consent, the trial court should have set aside the judgment as to both defendants, since a consent judgment which may be set aside for cause must be set aside in its entirety.

**Am Jur 2d, Judgments §§ 688 et seq.**

Judge JOHNSON dissenting.

Appeal by defendant from order filed 12 April 1993 by Judge Knox Jenkins in Johnston County Superior Court. Heard in the Court of Appeals 23 March 1994.

*Hinton and Hewett, by Alan B. Hewett, for plaintiff-appellees.*

*Perry, Brown & Levin, by Cedric R. Perry and Charles E. Craft, for defendant-appellants.*

JOHN, Judge.

Defendant Robert Foye (Robert) appeals the trial court's failure to set aside a consent judgment and the court's refusal to grant his attorney's motion to withdraw from the action. For the reasons set forth herein, we reverse the decision of the trial court.

**BRUNDAGE v. FOYE**

[118 N.C. App. 138 (1995)]

Relevant procedural information is as follows: On 26 August 1991 Flora and James Brundage (plaintiffs) initiated suit against Robert and Wilma Foye (defendants) for breach of contract alleging that defendants failed to convey a lot to plaintiffs in violation of their prior agreement. Defendants answered 25 October 1991 admitting the lot had not been conveyed to plaintiffs, but asserted "said delay of conveyance was at the request of the plaintiffs."

The case came for trial 13 July 1992 at which time defendants' attorneys, N. Leo Daughtry and Luther D. Starling, Jr., announced in open court that defendants agreed to accept judgment against them in the amount of $110,000.00 plus interest. Robert was present in court; however, his wife Wilma was not. The trial court's judgment, signed 5 August 1992, stated "with the consent and authorization of the defendants that the plaintiffs have judgment against the defendants, Robert L. Foye and wife, Wilma B. Foye, jointly and severally, in the amount of One Hundred Ten Thousand and 00/100 Dollars ($110,000.00)."

On 3 September 1992, defendants moved to set aside the judgment based upon lack of consent. They were represented by Cedric R. Perry who entered Notice of Limited Appearance "for the purpose of filing a motion under Rule 60(b) for the Defendants."

At the hearing on defendants' motion, the trial court made the following findings of fact:

> 2. It is now undisputed that the female Defendant [Wilma Foye] was not present in Court on the hearing of this matter on 13 July 1992;

> 3. That a proposed Consent Judgment presented to the Defendants to be signed was not signed by the Defendants.

Accordingly, the court ruled:

> Based upon the foregoing findings of fact, it is ordered, adjudged and decreed that the Judgment signed on or about 5 August 1992 and subsequently entered be, and the same hereby is, set aside as to the female Defendant [Wilma Foye].

Further, at the close of the hearing, the following exchange took place between counsel and the trial judge:

> MR. PERRY: May I make one point, Judge?

> THE COURT: Yes, sir.

MR. PERRY: Notice of appearance indicates the limits of my representation——

THE COURT: No, sir. You've got the case. The Court, in it's discretion denies counsel's motion to withdraw, and Mr. Perry is counsel of record for the defendants in all further proceedings. Mr. Starling and Mr. Daughtry are allowed to withdraw as counsel of record.

Robert gave notice of appeal to this Court 5 November 1992.

I.

Robert first contends the trial court erred in failing to set aside the consent judgment as to him. We agree.

The dispositive issue on appeal is whether a consent judgment may be set aside for lack of consent with respect to but one of the parties. A consent judgment is a contract of the parties entered upon the records of a court of competent jurisdiction with its sanction and approval. *King v. King*, 225 N.C. 639, 640, 35 S.E.2d 893, 894 (1945); *Keen v. Parker*, 217 N.C. 378, 386-87, 8 S.E.2d 209, 214 (1940). "The power of the court to sign a consent judgment depends upon the unqualified consent of the parties thereto; and the judgment is void if such consent does not exist at the time the court sanctions or approves the agreement and promulgates it as a judgment." *King*, 225 N.C. at 641, 35 S.E.2d at 895; *see also Highway Comm. v. Rowson*, 5 N.C. App. 629, 631, 169 S.E.2d 132, 134 (1969); *Ledford v. Ledford*, 229 N.C. 373, 376, 49 S.E.2d 794, 796 (1948); *Lee v. Rhodes*, 227 N.C. 240, 242, 41 S.E.2d 747, 748 (1947).

In *Overton v. Overton*, 259 N.C. 31, 129 S.E.2d 593 (1963), a proceeding involving a dissent from a will, one of the respondent heirs moved to set aside the consent judgment signed by the trial court. She alleged she was neither *non compos mentis* nor had she consented to the judgment nor authorized anyone to consent for her. *Id.* at 33, 129 S.E.2d at 595. The trial court determined this respondent had in fact not consented to entry of judgment and ordered that "as to the movant . . . the judgment . . . is null and void and of no effect." *Id.* Petitioner thereafter claimed the consent judgment was valid and binding as to the other consenting parties, but our Supreme Court determined the argument was "not the correct interpretation of the law." *Id.* at 37, 129 S.E.2d at 597-98.

**BRUNDAGE v. FOYE**

[118 N.C. App. 138 (1995)]

> "It is a general rule that in a case where a consent judgment may be set aside for cause, it must be set aside in its entirety." 30A Am. Jur., Judgments, s. 639, p. 612; . . . The court has the power to set aside a consent judgment, as a whole, but not to eliminate from it that part which affects some of the parties only. The agreements of the parties are reciprocal, and each is the consideration for the other. If that which affects one party is taken out, what is left is not what was agreed to by the others.

*Id.* at 37-38, 129 S.E.2d at 598 (citations omitted). The Court therefore held the trial court erred in setting aside the consent judgment solely as to the single moving respondent, and remanded for entry of "an order setting aside the consent judgment in its entirety." *Id.* at 38, 129 S.E.2d at 598.

Similarly, in the case *sub judice*, the trial court set aside the consent judgment only as to Wilma and under *Overton* thus erred by not vacating the judgment as a whole. Accordingly, the order of the trial court is reversed, and we remand with instructions that the trial court enter an order vacating the consent judgment in its entirety.

We point out that *Overton* is the only case uncovered in our research directly on point with the issue presented herein. The dissent cites *Owens v. Voncannon*, 251 N.C. 351, 111 S.E.2d 700 (1959). It is unnecessary to take issue with the dissent's assertion that dicta in *Owens* suggests that a consent judgment may be vacated as to only one of the parties in the circumstance of joint and several liability. We simply observe that our Supreme Court did not address that issue directly. *See Napowsa v. Langston*, 95 N.C. App. 14, 25, 381 S.E.2d 882, 889, *disc. review denied*, 325 N.C. 709, 388 S.E.2d 460 (1989) ("Language in an opinion not necessary to the decision is *obiter dictum* and later decisions are not bound thereby"). The precise issue in *Owens* was "whether the judgment of November 25, 1957, is valid *as a consent judgment*," *Owens*, 251 N.C. at 355, 111 S.E.2d at 703 (emphasis in original), and the focus was upon whether Doris Voncannon consented to have attorney Sam Miller act as her counsel. The case was remanded for a factual determination of Miller's authority to file an answer on her behalf and to consent to entry of judgment. As *Overton* is the only holding to address the dispositive issue herein, our responsibility is to follow established precedent set forth by our Supreme Court. *Eaves v. Universal Underwriters Group*, 107 N.C. App. 595, 600, 421 S.E.2d 191, 194, *disc. review denied*, 333 N.C. 167, 424 S.E.2d 908 (1992).

## II.

Robert also contends the trial court erred by refusing to allow defense counsel's motion to withdraw. While "filing" of a Rule 60(b) motion may arguably include pursuit of an appeal from denial thereof, it appears counsel's limitation of his appearance may well have been effective to conclude his representation of defendants following the trial court's ruling. However, in view of our determination that the challenged consent judgment must be vacated, we decline at this juncture to address the merits of this assignment of error. Likewise, while we believe the trial court's denial of counsel's motion to be without prejudice to any subsequent similar motion upon remand now that "filing" of the Rule 60(b) motion has indisputably been concluded, we express no opinion as to the court's ruling should such motion be advanced by counsel.

Reversed and remanded.

Judge GREENE concurs.

Judge JOHNSON dissents.

Judge JOHNSON dissenting.

I respectfully dissent from the first issue discussed in the majority's opinion. I believe the trial judge properly declined to set aside the consent judgment as to defendant Robert Foye.

The judgment which the trial court signed 5 August 1992, based on the representations of defendants' attorney in open court on 13 July 1992 during which time defendant Robert Foye was present, stated "that the plaintiffs have judgment against the defendants, Robert L. Foye and wife, Wilma B. Foye, *jointly and severally*, in the amount of One Hundred Ten Thousand and 00/100 Dollars ($110,000.00)." (Emphasis added.) As the majority notes, at the hearing on defendants' motion to set aside the judgment based upon lack of consent, the trial court found that defendant Wilma Foye was not present in court the day of the hearing of the matter, and the court concluded that the judgment as to her was set aside.

The law of joint and several liability is well-settled. (*See Kelly v. Muse*, 33 N.C. 182 (1850), where our Supreme Court generally discussed the evolving law of joint and several liability.) "[I]t is well established that the term 'jointly and severally' implies that one

[party] could pay for all of plaintiff's damages[.]" *Sheppard v. Zep Manufacturing Co.*, 114 N.C. App. 25, 35, 441 S.E.2d 161, 167 (1994).

In *Owens v. Voncannon*, 251 N.C. 351, 111 S.E.2d 700 (1959), the plaintiffs instituted an action to recover on a promissory note made by defendants Lonnie Voncannon and Doris Voncannon as makers and by defendants Lonnie Voncannon and Alma Brown as endorsers. An answer, signed by attorney Sam W. Miller, purporting to be on behalf of all of the defendants, was filed. At trial, judgment was entered "that the plaintiffs have and recover of the defendants, jointly and severally, the sum of Two Thousand Dollars[.]" *Id.* at 352, 111 S.E.2d at 701. Defendant Doris Voncannon averred that she had not retained Mr. Miller as her attorney and that no valid judgment had been entered against her; the trial court denied this motion. Upon appeal, our Supreme Court said that if defendant Doris Voncannon "did not authorize Mr. Miller, directly or through Lonnie Voncannon, to consent to said judgment of November 25, 1957, the judgment, *as to her*, is *void*[.]" *Id.* at 354, 111 S.E.2d at 702. (Emphasis added and retained.) (*Compare Nye, Mitchell, Jarvis & Bugg v. Oates*, 109 N.C. App. 289, 426 S.E.2d 291 (1993), where the defendant husband and defendant wife, under the terms of a consent judgment, agreed jointly and severally to pay money due the plaintiffs; the plaintiffs appealed the setting aside of a consent order against the defendant wife, and our Court reversed and remanded the decision of the trial court. Our Court stated that "the dispositive question is whether the attorneys who signed the consent judgment, representing themselves as the attorneys for [defendant wife], had the authority to appear and approve a judgment on behalf of [defendant wife]." *Id.* at 293, 426 S.E.2d at 294.)

*Overton v. Overton*, 259 N.C. 31, 129 S.E.2d 593 (1963), which the majority relies upon, is distinguishable. The consent judgment therein pertained to a dissent of a will. The Court in *Overton* noted that "[w]here parties solemnly consent that a certain judgment shall be entered on the record, it cannot be changed or altered, or set aside without the consent of the parties to it, unless it appears, upon proper allegation and proof and a finding of the court, that it was obtained by fraud or mutual mistake, or that consent was not in fact given[.]" *Id.* at 37, 129 S.E.2d at 598, *quoting Gardiner v. May*, 172 N.C. 192, 194, 89 S.E. 955, 956 (1916). In *Overton*, when the consent judgment was vacated as to the respondent heir, the Court noted that the consent judgment had to be set aside in its entirety because "[i]f that which affects one party is taken out, what is left is not what was agreed to

WACHOVIA BANK v. WILLIS

[118 N.C. App. 144 (1995)]

by the others." *Overton*, 259 N.C. at 37-38, 129 S.E.2d at 598. In the instant appeal, however, when the consent judgment was vacated as to defendant Wilma Foye, what was left was what defendant Robert Foye *had* agreed to; namely, that he would be "jointly and severally" liable to plaintiffs in the amount of $110,000.00.

For these reasons, I dissent from the majority and find that the trial judge properly declined to set aside the consent judgment as to defendant Robert Foye.