**SMALL v. PARKER**

[184 N.C. App. 358 (2007)]

ELAINE FORD SMALL, Plaintiff v. SINCLAIR AUVANT PARKER, Defendant

No. COA06-1336

(Filed 3 July 2007)

**1. Appeal and Error— appealability—possibility of inconsistent verdicts—consent to settlement agreement withdrawn before order signed**

The merits of an appeal from an interlocutory order were addressed due to the possibilities of inconsistent verdicts where the parties agreed to a mediated settlement, plaintiff withdrew her consent, and the agreement (for reasons which are not clear) was made an order of the court nonetheless.

**2. Compromise and Settlement— transfer from superior to district court**

The trial court did not err by transferring from superior court to district court a case arising from a mediated settlement agreement pertaining to a separation agreement; although the district court was the proper division for the matter, there was nothing to indicate that the court order which followed the settlement was set aside solely for being entered in the wrong division.

**3. Compromise and Settlement— mediated settlement agreement—consent order—assent withdrawn prior to order**

The trial court did not err by striking a consent order where the parties agreed to a mediated settlement, plaintiff withdrew her consent, and the agreement (for reasons which are not clear) became a consent order and an order of the court nonetheless. The evidence indicates that the order was signed without plaintiff's consent.

**4. Compromise and Settlement— settlement and court ordered consent—consideration of settlement as contract only**

The question of whether the trial court refused to enforce a mediated settlement agreement as a contract in a domestic case was not before the court where the trial court's order was limited to its refusal to enforce the agreement as an order of the court (which had been signed subsequently). The enforcement of the agreement as a contract was left to further proceedings in district court.

Appeal by defendant from order entered 18 July 2006 by Judge Jay D. Hockenbury in Pender County Superior Court. Heard in the Court of Appeals 4 June 2007.

*J. Albert Clyburn, P.L.L.C., by J. Albert Clyburn, for plaintiff-appellee.*

*R. Kent Harrell for defendant-appellant.*

MARTIN, Chief Judge.

Defendant-appellant Sinclair Avant Parker appeals an order of the Pender County Superior Court denying his motion to enforce a mediated settlement agreement ("Agreement"), granting the plaintiff's motion to set aside a consent order entered upon the agreement and transferring the proceedings to the Pender County District Court. For the reasons stated below, we affirm and remand for further proceedings.

The evidence before the trial court tended to show that defendant and plaintiff Elaine Ford Small were married on 14 April 1967 and divorced on 31 August 1990. The parties entered into an agreement to divide their assets on 29 May 1990, with some of the property going to their three children and the remainder to the plaintiff. On 6 May 1999, plaintiff filed a complaint seeking specific performance of the separation agreement. Defendant answered that the agreement was no longer enforceable, had been modified by the parties, and that he had made improvements to the real property for which he was entitled to compensation if he was determined to be no longer entitled to the property.

On 31 March 2000, the parties attended mandatory mediation at the office of Wilmington attorney Carter Lambeth. The parties were accompanied by counsel. At the mediation, the parties executed a document entitled "Memorandum of Consent Order in Mediated Settlement Conference." The document was signed by both parties and their counsel. It required the defendant to pay $47,000 to the plaintiff for her interest in real property located at Rocky Point, North Carolina. Upon the payment, plaintiff would execute a quitclaim deed conveying her interest in the property to the defendant. Defendant would also simultaneously transfer some property in Pender County to plaintiff.

On 2 April 2000, two days after executing the agreement, plaintiff faxed her attorney informing him that she had changed her mind and

asking him not to have the agreement entered as a court order. However, for reasons that are unclear from the record, the agreement was nevertheless signed by Superior Court Judge Ernest Fullwood on 10 April 2000 and made an order of the court.

Defendant attempted to tender the $47,000 to plaintiff on 11 August 2000. However, plaintiff's counsel declined the payment on 18 September 2000, stating that she deemed the mediation conference Agreement to be cancelled and void. The letter declining the payment stated that defendant had communicated with the plaintiff after the mediation conference, attempting to renegotiate the agreement and asking her to take a reduced sum since he was not in a position to fulfill his $47,000 obligation. In addition, plaintiff was concerned that defendant had not supplied the deeds he had agreed to provide.

On 27 January 2005, defendant filed a motion to enforce the agreement. On 11 May 2005, plaintiff sought to have the Agreement set aside. The Honorable Jay D. Hockenbury set aside the Agreement on 18 July 2006 and transferred the action to Pender County District Court. This appeal follows.

---

### Interlocutory

[1] We first note that the plaintiff has moved to dismiss this appeal as interlocutory. "An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Veazey v. City of Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950). A party cannot immediately appeal an interlocutory order unless (1) a trial court enters a final judgment to fewer than all of the claims or parties in an action and certifies that there is no reason to delay the appeal or (2) the failure to grant immediate review would affect a substantial right. *Davis v. Davis*, 360 N.C. 518, 524-25, 631 S.E.2d 114, 119 (2006) (citation omitted). Since the trial court has not entered the requisite certification, whether this appeal is interlocutory hinges on whether the failure to grant immediate review would affect a substantial right.

A right is substantial if it will be lost or irremediably and adversely affected if the trial court's order is not reviewed before a final judgment. *RPR & Assocs. v. Univ. of N.C.-Chapel Hill*, 153 N.C. App. 342, 347, 570 S.E.2d 510, 514 (2002). In determining whether a substantial right will be prejudiced by delaying an interlocutory appeal, our Supreme Court has emphasized that "[i]t is usually neces-

SMALL v. PARKER

[184 N.C. App. 358 (2007)]

sary to resolve the question in each case by considering the particular facts of that case and the procedural context in which the order from which the appeal is sought is entered." *Bernick v. Jurden*, 306 N.C. 435, 439, 293 S.E.2d 405, 408 (1982) (citation omitted).

In an analogous case involving a wife's appeal of the dismissal of her equitable distribution counterclaims, we have held that the appeal was not interlocutory. *Small v. Small*, 93 N.C. App. 614, 617-18, 379 S.E.2d 273, 275-76 (1989). The principle behind permitting immediate review of such dismissals is that a subsequent and successful appeal would then require additional trial proceedings that could expose the parties to potentially inconsistent verdicts. *Davidson v. Knauff Ins. Agency, Inc.*, 93 N.C. App. 20, 25, 376 S.E.2d 488, 491 (1989). *See Whalehead Props. v. Coastland Corp.*, 299 N.C. 270, 278, 261 S.E.2d 899, 904 (1980) ("We are of the opinion that denial of defendants' claim . . . of specific performance prior to hearing evidence on the question of damages, affected a substantial right of the defendants and therefore was appealable.") Mindful of the fact that a later, successful appeal of the order here could subject the parties to inconsistent verdicts, we conclude the order affects a substantial rights and is therefore subject to immediate review. Therefore, we address the merits of defendant's claims.

---

**[2]** Defendant first argues that the trial court erred in transferring the matter to district court in that the order was properly entered and should not have been set aside solely for being entered in the incorrect division. However, the record states that the trial court only determined that "[t]he proper division for this action is the District Court of Pender County, North Carolina." There is nothing in the record that supports defendant's assertion that Judge Fullwood's order was set aside only because it was entered in the improper division. On the other hand, the trial court was correct in its conclusion of law that the district court division is the proper division for litigating this matter. The relevant statute states that:

> The district court division is the proper division without regard to the amount in controversy, for the trial of civil actions and proceedings for annulment, divorce, equitable distribution of property, alimony, child support, child custody and the enforcement of separation or property settlement agreements between spouses, or recovery for the breach thereof.

N.C. Gen. Stat. § 7A-244 (2005). Therefore, this argument is without merit and is overruled.

**[3]** Next, defendant argues that the trial court erred in striking the Memorandum of Consent Order. In this regard, we emphasize the two differing documents involved here. The 31 March 2000 Mediated Settlement Conference produced an agreement that was entered into by the parties themselves, which is designated as the "Agreement" for the purposes of this appeal. Judge Fullwood's order incorporating the Agreement into a settlement order was an order of the court, designated the "Order." In this regard, a review of the record indicates that the trial court struck the Order, but not the Agreement, the underlying contract produced by the parties. The trial court's decision stated:

> 1. Plaintiff's Motion to Strike the Memorandum of Consent Order filed in this action on April 13, 2000 is allowed.

> 2. Defendant's Motion to Enforce the Memorandum of Consent Order filed in this action April 13, 2000 is denied.

It is well-settled that "[t]he power of the court to sign a consent judgment depends upon the unqualified consent of the parties thereto; and the judgment is void if such consent does not exist at the time the court sanctions or approves the agreement and promulgates it as a judgment." *Brundage v. Foye*, 118 N.C. App. 138, 140, 454 S.E.2d 669, 670 (1995) (quoting *King v. King*, 225 N.C. 639, 641, 35 S.E.2d 893, 895 (1945)). In this case, the evidence indicates that the plaintiff withdrew her assent on 2 April 2000, several days prior to Judge Fullwood's entering the consent order on 13 April 2000.

We have considered defendant's arguments that plaintiff's actions after 13 April 2000 comported with the existence of an agreement. Correspondence from her counsel to defendant's counsel accused defendant of failure to comply with the order as late as 18 September 2000. Indeed, plaintiff's counsel made no effort to notify defendant of plaintiff's decision to withdraw her consent from the order and made no effort to withdraw the order. Defendant is also correct in pointing out that North Carolina courts presume that actions taken by counsel on behalf of clients give rise to a presumption that counsel is acting within their authority and with the consent of the client. *Guilford County v. Eller*, 146 N.C. App. 579, 581, 553 S.E.2d 235, 237 (2001). However, a trial court's findings of fact are conclusive on appeal if there is substantial evidence to support them, even if the record could sustain findings to the contrary. *Shipman v. Shipman*, 357 N.C. 471, 474-75, 586 S.E.2d 250, 253-54 (2003). In this case, testimony from plaintiff's then counsel that he communicated with plaintiff regarding

her desire to withdraw her consent from the Agreement prior to Judge Fullwood's order constitutes competent evidence supporting the trial court's determination that the order was signed without plaintiff's consent. Therefore, this argument must be overruled.

[4] Defendant's third argument is that the trial court erred in denying his motion to enforce the mediated settlement agreement on the ground that the evidence established that a contract had been entered into by both parties. This issue is not properly before us at this time. Though both parties seem to be under the impression that the trial court refused to recognize the Agreement as a valid contract, a reading of the order shows that this is a misperception. The trial court's order was limited to its refusal to enforce the Agreement as an order of the court. The court decreed that, based on its findings of fact and conclusions of law:

1. Plaintiff's Motion to Strike the Memorandum of Consent Order filed in this action on April 13, 2000 is allowed.

2. Defendant's Motion to Enforce the Memorandum of Consent Order filed in this action on April 13, 2000 is denied.

This order contains no indication of a refusal by the court to enforce the Agreement as a contract. It is well settled that North Carolina appellate courts will not review an issue which has not been adjudicated by the tribunal below. *State v. Crews*, 286 N.C. 41, 48, 209 S.E.2d 462, 466 (1974). We therefore decline to address this argument and leave its resolution to the future proceedings in the Pender Court District Court.

The order of the Pender County Superior Court is affirmed, and the case is remanded for further proceedings consistent with this order.

Affirmed and remanded.

Judges McCULLOUGH and TYSON concur.