VIRGINIA B. LALANNE v. JAMES F. LALANNE

No. 7915DC359

(Filed 6 November 1979)

**Judgments § 8— memorandum not signed by parties—no consent judgment**
> The trial court erred in entering a consent judgment based on the parties'
> agreement dictated four months earlier to the court reporter pending judg-
> ment recording the agreement in the presence of the judge, attorneys and par-
> ties, since neither party nor the judge signed the memorandum of the agree-
> ment; there was no consent by the defendant to the entry of judgment by the
> judge four months later; and the judge had no authority to enter such judg-
> ment.

APPEAL by defendant from *Paschal, Judge*. Judgment
entered 26 January 1979 in District Court, ORANGE County.
Heard in the Court of Appeals 23 October 1979.

Parties hereto entered into a separation agreement on 30
July 1971 and were divorced 10 December 1971. This action is
brought by plaintiff for an alleged violation by the defendant for
failure to pay back alimony, proof of the existence of a $100,000
insurance policy on the defendant's life, and seeking approval to
have major repairs done on the house owned by the parties.
Defendant answered and counterclaimed, alleging breach of the
separation agreement by plaintiff for failure to pay the ad
valorem taxes on the real estate mentioned herein, contending
the agreement was void and unenforceable.

On 5 September 1978 the parties announced in open court
that all matters in dispute had been settled, and the terms were
dictated to the court reporter pending judgment recording the
agreement in the presence of the judge, attorneys and the par-
ties.

The terms of the compromise included the following acts to
be done by the defendant as a full and complete compromise and
settlement of all claims which the plaintiff had against the defend-
ant.

1. Defendant would pay plaintiff $4,000;

2. Defendant would convey his interest in the house in Chap-
   el Hill to the plaintiff;

3. Defendant would transfer 5500 shares of common stock in Triangle Brick Company to the plaintiff; of this amount 2750 shares would be transferred on or before 10 October 1978, and 2750 shares between 1 January and 15 January 1979.

Judge Paschal was authorized to sign the judgment out of term and out of the district.

During the negotiations leading to the settlement of 5 September 1978, defendant had notified plaintiff that a 25% stock dividend and $.13 cash dividend had been declared. Defendant informed plaintiff's attorneys that the date for the determination of the stockholders who would receive the dividend had passed.

Subsequently, plaintiff received information which made her believe the date had not passed. Plaintiff refused to complete the compromise agreement entered in the court record without participation in the dividend, and further negotiations were not fruitful.

On 5 December 1978, plaintiff filed motion for judgment, praying that the provisions set out in the compromise settlement of 5 September 1978, plus the cash and stock dividend be awarded to her by judgment of the court. A timely answer was filed by the defendant, and judgment was entered by Judge Paschal which made findings of fact, conclusions of law, and awarded plaintiff the property agreed upon in the stipulation dictated to the court reporter on 5 September 1978. Defendant excepted thereto and appealed.

*Nichols, Caffrey, Hill, Evans & Murrelle, by William D. Caffrey and Everett B. Saslow, Jr., for plaintiff appellee.*

*Bryant, Bryant, Drew & Crill, by Victor S. Bryant, Jr., for defendant appellant.*

HILL, Judge.

The judgment entered in this cause filed on 29 January 1979 must be revoked. Ordinarily, where a judgment is rendered in open court and some memorandum or minute of the note appears of record showing what the judgment is, formal judgment based thereon may be later entered. This rule does not apply to a con-

---

---

sent judgment, which requires the consent of the parties to subsist at the time it is signed in order to give the court jurisdiction. A consent judgment is not, strictly speaking, a judgment of the court, but is merely the contract of the parties entered upon the records of a court of competent jurisdiction with its approval and sanction, and such contract cannot be modified or set aside without the consent of the parties thereto. *Lee v. Rhodes*, 227 N.C. 240, 41 S.E. 2d 747 (1947); *Highway Comm. v. Rowson*, 5 N.C. App. 629, 169 S.E. 2d 132 (1969); *Freedle v. Moorefield*, 17 N.C. App. 331, 194 S.E. 2d 156 (1973).

The agreement dictated to the court on 5 September 1978 did not constitute a consent judgment. Neither party nor the judge signed the memorandum. There was no consent by the defendant to the entry of judgment by the judge in January 1979, and the judge had no authority to enter the same. If the writing entered by the court on that date is a contract between the parties, it must be litigated in another suit on another date.

The judgment is revoked and the case is remanded to the district court of Orange County for trial.

Judgment vacated and cause remanded.

Judges VAUGHN and ERWIN concur.