BAXTER C. CRANE, JR. AND WIFE, CEANNE J. CRANE, PLAINTIFFS v. BOBBY MacBRYAN GREEN AND DANIEL JOSEPH MADDALENA, DEFENDANTS

No. 9324SC548

(Filed 15 March 1994)

**Judgments § 139 (NCI4th)— consent judgment—actions to clear title and for trespass—not enforceable by contempt**

    A consent judgment in actions for clear title and for trespass was not an order enforceable through the contempt powers of the court where the judgment was merely a recital of the parties' agreement and not an adjudication of rights. The judgment on its face does not reflect a determination by the court of either issues of fact or conclusions of law presented by the case before it. N.C.G.S. § 5A-21.

**Am Jur 2d, Judgments § 1085.**

    Appeal by defendants from order signed 10 March 1993 in Avery County Superior Court by Judge Charles C. Lamm, Jr. Heard in the Court of Appeals 2 March 1994.

    Plaintiffs are the developers of the Lost Cove Estates, 13 lots of real property located in Avery County. Defendants own lots 1, 7, 8 and 9 and a portion of lot 2. With the exception of lots 5 and 6, plaintiffs own the remaining lots. On 17 November 1989, plaintiffs filed this action against defendants seeking to clear title to property allegedly owned by plaintiffs. Plaintiffs also sought to recover damages against defendants for slander of title and trespass. This action was resolved by a consent agreement and order filed 8 October 1990 and signed by plaintiffs, defendants and Judge Judson D. DeRamus, Jr.

    On 17 February 1993, plaintiffs filed a motion for a show cause order seeking to hold defendants in civil contempt for violating the order of 8 October 1990. Plaintiffs allege that by the terms of that judgment they are entitled to access to lot 2 and that

defendants blocked access to lot 2 by erecting a gate across the subdivision road. By order entered 10 March 1993, Judge Lamm found defendants to be in civil contempt of court because they erected a gate over the subdivision road. Defendants appeal from this order.

*No brief for plaintiffs-appellees.*

*Allman Spry Humphreys Leggett & Howington, P.A., by David C. Smith, for defendants-appellants.*

WELLS, Judge.

Defendants contend that the trial court erred by holding them in contempt of court because the order which the trial court found defendants to have violated was not an order of the court enforceable through the contempt powers of the court. We agree.

Failure to comply with an order of the court is enforceable through the contempt powers of our courts. N.C. Gen. Stat. § 5A-21 (1986 & Supp. 1993). A person found in civil contempt may appeal in the manner provided by G.S. § 7A-27. N.C. Gen. Stat. § 5A-24.

The general rule is that a consent judgment is the contract of the parties entered upon the record with the sanction of the court. *Armstrong v. Insurance Co.*, 249 N.C. 352, 106 S.E.2d 515 (1959). The sole exception to this rule is in the area of domestic relations law where all alimony and support agreements approved by the court are treated as court-ordered judgments. *Walters v. Walters*, 307 N.C. 381, 298 S.E.2d 338 (1983). In the ordinary case, when a court merely approves the agreement of the parties and sets it out in the judgment, a judicial determination is obviated, *Armstrong, supra*, and the judgment is nothing more than a contract which is enforceable only by means of an action for breach of contract. *Walters, supra*.

On its face the judgment on which the trial court based its contempt order does not reflect a determination by the trial court of either issues of fact or conclusions of law presented by the case before it. The judgment contains no findings of fact and no conclusions of law. The introduction to the judgment clearly states the basis for the entry:

THIS MATTER coming on before the undersigned Superior Court Judge at the October 8, 1990 Civil Session of the Avery

County Superior Court, and it appearing to the Court that the parties, acting through their attorneys and pro se respectively, have agreed to resolve all matters pertaining to the above-captioned action as set forth below.

THEREFORE, IT IS HEREBY, ORDERED, ADJUDGED AND DECREED:

The introductory paragraph is followed by eight double spaced typewritten pages reflecting the stipulations and agreements of the parties. Following the last ordering paragraph, the judgment concludes with the signatures of defendants Green and Maddalena acting *pro se,* plaintiffs, the attorney for plaintiffs, and Judge DeRamus.

Viewed from its four corners, it is clear that the order of 8 October 1990 is merely a recital of the parties' agreement and not an adjudication of rights. *Armstrong, supra; McRary v. McRary,* 228 N.C. 714, 47 S.E.2d 27 (1948). Consequently, the consent judgment is not an order enforceable through the contempt powers of the court.

For the reasons stated, the order entered by the trial court on 10 March 1993 is

Reversed.

Judges ORR and WYNN concur.