In Re: ESTATE OF J.V. PEEBLES

No. 9422SC374

(Filed 21 March 1995)

1. **Judgments § 123 (NCI4th)— will caveat—consent judgment signed by all parties and judge—judgment entered at that point—attempt to withdraw consent not effective**

There was no merit to caveator's contention that the trial court erred in denying her motion to set aside a consent judgment because she withdrew her consent before the judgment was entered and it was therefore void, since the parties, their attorneys, and the judge all signed the handwritten consent judgment which was filed in the clerk's office; all the parties had fair notice of the handwritten agreement's terms because they created and signed it; by signing the consent judgment, the parties agreed to settle the will caveat which was the only matter for adjudication; and entry of the consent judgment occurred when the judge

IN RE ESTATE OF PEEBLES

[118 N.C. App. 296 (1995)]

signed it because it was at this point that the intent and purpose of N.C.G.S. § 1A-1, Rule 58 were satisfied.

**Am Jur 2d, Judgments § 212.**

**Right to appellate review of consent judgment. 69 ALR2d 755.**

**2. Judgments § 119 (NCI4th)— no findings of fact and conclusions of law—consent judgment not void**

The consent judgment in this action was not void for failing to contain findings of fact and conclusions of law.

**Am Jur 2d, Judgments § 207.**

Appeal by caveator from order entered 9 February 1994 by Judge Fetzer Mills in Davie County Superior Court. Heard in the Court of Appeals 12 January 1995.

J.V. Peebles died testate on 15 July 1991 and in his will, dated 25 March 1991, he left all of his property to Clifton Lee Peoples, III and appointed him as the executor of his estate. On 19 July 1991, Clifton Lee Peoples, III offered J.V. Peebles' will for probate. Ruth Peebles Dulin, J.V. Peebles' "next of kin," filed a caveat proceeding on 25 September 1991. Although not clear from the record, it appears that Ezell P. Carson later joined Ruth Peebles Dulin in the proceeding as a caveator.

After the trial began in February 1993 but before the conclusion of propounder's evidence, Clifton Lee Peoples, III, as propounder of the will, and Ruth Peebles Dulin and Ezell P. Carson, as caveators of the will, entered into a handwritten "Memorandum Of Family Settlement Agreement And Consent Judgment" to settle the will caveat. The consent judgment provided that Clifton Lee Peoples, III would execute a deed with life estates to himself and Ruth Peebles Dulin "for the life of whoever lives longest." The remainder interests were to go to Ruth Peebles Dulin's children (Tawana, Barron, Sharma, and Warren Dulin) and to Regina Carson, Joan Peebles and Renay Peebles. The consent judgment also provided that Ruth Peebles Dulin would be allowed to live in and have possession of the "home" until her death and that upon her death, her children would be allowed to remain on the property along with the other remaindermen. The consent judgment also stated that the parties agreed that J.V. Peebles' will dated 25 March 1991 was "valid and sustained in accord with terms [sic] of this agreement." Ruth Peebles Dulin, Ezell P. Carson,

and Clifton Lee Peoples, III, their attorneys, and Judge Thomas W. Ross all signed the consent judgment on 9 February 1993.

On 6 July 1993, Ezell P. Carson (hereinafter caveator) filed a motion with Davie County Superior Court asking the court to set aside the consent judgment, alleging that the consent judgment was void. Caveator subsequently filed an affidavit objecting to the consent judgment because "[t]he intent of the agreement, to keep a place for Ruth Peebles Dulin to live, has been thwarted by the death of Ruth Peebles Dulin and consequently there is no purpose in upholding the agreement." Judge Fetzer Mills heard caveator's motion and denied it on 9 February 1994.

Caveator appeals.

*Grady L. McClamrock, Jr. for caveator-appellant.*

*Hall, Vogler & Fleming, by Tamara A. Fleming, for propounder-appellee.*

EAGLES, Judge.

I.

**[1]** Caveator argues that the trial court erred in denying her motion to set aside the consent judgment because it was void. G.S. 1A-1, Rule 60(b)(4) allows a trial court "[o]n motion and upon such terms as are just, . . . [to] relieve a party or his legal representative from a final judgment, order, or proceeding . . . [if] the [j]udgment is void." The trial court's decision on a Rule 60 motion is discretionary, and will be reversed only upon a showing of an abuse of discretion. *Harris v. Harris,* 307 N.C. 684, 687, 300 S.E.2d 369, 372 (1983).

Caveator argues that the consent judgment was void because she withdrew her consent before the agreement was entered. We have previously held that a consent judgment is void if a party withdraws consent before the judgment is entered. *Briar Metal Products, Inc. v. Smith,* 64 N.C. App. 173, 176, 306 S.E.2d 553, 555 (1983). In her motion, caveator argued that the consent judgment was void because it was not entered in compliance with the requirements of G.S. 1A-1, Rule 58. Rule 58 provides that "where judgment is not rendered in open court, entry of judgment . . . shall be deemed complete when an order for the entry of judgment is received by the clerk from the judge, the judgment is filed and the clerk mails notice of its filing to

**IN RE ESTATE OF PEEBLES**

[118 N.C. App. 296 (1995)]

all parties." Caveator's argument is without merit here; her reliance on Rule 58 is misplaced.

Our Supreme Court has recognized that there are situations that "do[] not fit squarely within the rubric of Rule 58." *Stachlowski v. Stach*, 328 N.C. 276, 279, 401 S.E.2d 638, 641 (1991). Rule 58 envisions the situation where a judge makes findings of fact and conclusions of law and renders a decision. The consent judgment here is one of those situations that does not fit squarely within Rule 58 because a consent judgment is merely an agreement between the parties that has been sanctioned by the court. *Crane v. Green*, 114 N.C. App. 105, 106, 441 S.E.2d 144, 144-45 (1994), *citing Armstrong v. Aetna Insurance Co.*, 249 N.C. 352, 106 S.E.2d 515 (1959), (stating that except in the area of domestic law, "[t]he . . . rule is that a consent judgment is the contract of the parties entered upon the record with the sanction of the court").

Although here "the express provisions of Rule 58 are ineffective to establish the point of entry of judgment, the intent and purpose of the rule should nevertheless guide our resolution of when entry of judgment occurred." *Stachlowski* at 281, 401 S.E.2d at 642. The purposes of Rule 58 "are to make the moment of entry of judgment easily identifiable and to give fair notice to all parties [of the entry of judgment]." *Rivers v. Rivers*, 29 N.C. App. 172, 173, 223 S.E.2d 568, 569, review denied, 290 N.C. 309, 225 S.E.2d 829 (1976). The court in *Stachlowski* added that in determining when entry of judgment occurs, we should consider whether "the matters for adjudication have been finally and completely resolved so that the case is suitable for appellate review." *Stachlowski* at 287, 401 S.E.2d at 645. Here, the parties, their attorneys, and the judge all signed the handwritten consent judgment and it was filed in the clerk's office. All of the parties had fair notice of the handwritten agreement's terms because they created and signed it. By signing the consent judgment, the parties agreed to settle the will caveat, which was the only matter for adjudication. Accordingly, we hold that entry of the consent judgment occurred when the judge signed it because it was at this point that the "intent and purpose" of Rule 58 were satisfied.

Caveator also argues that the consent judgment here was not entered as provided in G.S. 31-37. We have already concluded that the consent judgment was effectively entered before caveator withdrew her consent. Furthermore, caveator did not assign error to the consent judgment's alleged failure to comply with G.S. 31-37.

Accordingly, caveator has failed to preserve this issue for appellate review.

Because entry of the consent judgment had already occurred when caveator attempted to withdraw her consent to the agreement, the trial court did not err in denying caveator's motion to set aside the consent judgment based on Rule 58.

## II.

**[2]** Caveator argues that if the consent judgment was entered as a judgment, it was still void because it failed to contain findings of fact and conclusions of law as is required by Rule 52(a) of the North Carolina Rules of Civil Procedure. Rule 52(a) provides:

(1) In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment.

. . . .

(3) If an opinion or memorandum of decision is filed, it will be sufficient if the findings of fact and conclusions of law appear therein.

Caveator cites *Stachlowski* for the proposition that a judge is required to make findings of fact and conclusions of law and that failure to do so can result in the granting of a new trial. *Stachlowski* at 285, 401 S.E.2d at 644. Caveator's reliance on Rule 52 and on *Stachlowski* is misplaced because of the special nature of consent judgments. As we indicated in I., *supra*, a consent judgment is "merely a recital of the parties' agreement and not an adjudication of rights." *Crane* at 107, 441 S.E.2d at 145. This type of judgment does not contain findings of fact and conclusions of law because the judge merely sanctions the agreement of the parties. As our Supreme Court stated with regard to Rule 58, the consent judgment here "does not fit squarely within the rubric of" Rule 52. *Stachlowski* at 279, 401 S.E.2d at 641. Accordingly, we hold that the consent judgment here is not void for failing to contain findings of fact and conclusions of law.

## III.

**[3]** Caveator further argues that "if the judgment was entered as [a] judgment," the trial court erred in denying caveator's motion to set it

aside because it is void for "ambiguities, indefiniteness, and uncertainties." Caveator cites *Hodges v. Stewart*, 218 N.C. 290, 291, 10 S.E.2d 723, 724 (1940), *overruled by Stephenson v. Rowe*, 315 N.C. 330, 339, 338 S.E.2d 301, 306 (1986), which states that "a conveyance of land by deed or will must set forth [the description of the] subject matter" so that the land can be located and distinguished from other land. In *Stephenson*, our Supreme Court concluded that *Hodges* was wrongly decided because it did not specify that devises in wills are interpreted more liberally than conveyances in deeds. *Stephenson* at 335, 338 S.E.2d at 304. Nevertheless, caveator argues that the consent judgment here contains ambiguities and fails to satisfy the standard set out in *Hodges*. However, our Supreme Court stated in *Hodges* that it is the **deed**, not a consent judgment directing the execution of a deed, that must be sufficiently specific. Because the consent judgment here serves its purpose in settling the will caveat, caveator's argument that the consent judgment is vague and void is without merit.

IV.

Finally, caveator argues for the first time on appeal that whether or not the judgment was entered, the trial court erred in denying her motion because "not all persons in interest were served with notice of the caveat proceeding." While caveator included this argument as an assignment of error in the record on appeal, she did not include this argument in her motion before the trial court as a reason why the consent judgment was void. Because the lack of notice was not asserted as a basis for the motion, the trial court could not have ruled on this issue. Because the trial court never had the opportunity to consider the issue, it is not properly before us on appeal. N.C. R. App. P. 10(b)(1); *State v. Eason*, 328 N.C. 409, 420, 402 S.E.2d 809, 814 (1991).

Affirmed.

Judges GREENE and WALKER concur.