ROCKINGHAM COUNTY DSS o/b/o BRITTANY P. WALKER, Plaintiff v. WILLIAM D. TATE, Defendant

No. COA09-394

(Filed 2 March 2010)

**Child Support, Custody, and Visitation— reinstatement— improper entry of consent judgment—nunc pro tunc order**

The trial court erred in a case seeking to reinstate child support by entering a consent judgment. There was no consent by defendant father. Entry of the order *nunc pro tunc* did not correct the defect when there was no substantive hearing upon which to base the order, and thus, the order was vacated.

Appeal by defendant from order entered 23 October 2008 by Judge Frederick Wilkins in District Court, Rockingham County. Heard in the Court of Appeals 30 September 2009.

*Brumbaugh & Stroupe, PLLC, by Samantha K. Brumbaugh, for plaintiff-appellee.*

*Farver, Skidmore & McDonough, LLP, by Darren A. McDonough, for defendant-appellant.*

STROUD, Judge.

Defendant's previous child support order was reinstated and defendant was ordered to pay $200.00 a month in child support. Defendant appeals, arguing the trial court erred because there was not sufficient evidence to support the findings of fact and because there were not sufficient conclusions of law. For the following reasons, we vacate.

## I. Background

On 23 October 2008, based upon plaintiff's motion to reinstate child support, the trial court entered an order *nunc pro tunc* to 7 December 2007 reinstating a child support order from 19 December 2000 and requiring defendant to pay $200.00 per month in child support. The order was based entirely upon the following findings of fact:

1. By Order entered December 19, 2000, Defendant was ordered to pay $200.00 per month to the individual Plaintiff for the use and benefit of the parties' minor children. By Order[] entered January 8, 2001, the Defendant was ordered to pay an additional $25.00 per month towards outstanding child support arrears.

2. By Consent Agreement and Order to Modify Child Support Order, entered September 28, 2001, the individual Plaintiff and Defendant agreed to suspend child support payments under the current support order of December 19, 2000 and "deal directly with one another regarding child support and arrearage". Said Consent further stated that ongoing support and enforcement of arrears were temporarily suspended. Defendant's arrears as of the date of said Consent were $6,079.89. A copy of said Consent is attached as Exhibit A and incorporated by reference.

3. A Motion to Reinstate the Defendant's ongoing child support obligation of $200.00 per month was filed on behalf of the individual Plaintiff on November 2, 2007 and duly served on Defendant on November 14, 2007.

4. On November 14, 2007, Defendant signed a statement whereby he agreed to have his "child support case with Brittany Walker Stanley reinstated at $200.00 a month, effective December 1, 2007." A copy of said statement is attached as Exhibit B and incorporated by reference.

Defendant appeals, arguing there was not sufficient evidence to support the findings of fact nor did the order contain conclusions of law; thus, defendant is contesting the entire order. For the following reasons, we vacate.

## II. Order

Defendant contends that the trial court erred as to the entire trial court order. The hearing as to the motion for modification of child support was held on 7 December 2007. The *entire* hearing upon

which the order was based consisted of plaintiff's counsel stating, "Number ninety—sorry. 98 CvD 2183, Brittany Tate, William Tate. That party's [sic] being resolved by a consent agreement[,]" to which the trial court responded, "All right." Neither Ms. Walker, defendant, nor his counsel were present for this hearing. At the hearing, defendant points out that "[n]o evidence was admitted; neither party testified; no exhibits, statements or affidavits were presented; and the Court did not take judicial notice of any matters of record." The order was signed and filed by the trial court on 23 October 2008, approximately ten months after the hearing, and the order included only four findings of fact and no conclusions of law.

The trial court's findings of fact refer to two court orders and a motion to reinstate child support, all documents which were in the trial court file. Other than setting out the procedural history of the case by reference to these documents, the trial court based its order entirely on a "consent statement." The record does not reflect how the trial court obtained the "consent statement" as it was not presented as an exhibit at the hearing and the statement has no filing date to indicate when it was officially filed with the trial court. The "consent statement" is a handwritten document which reads in its entirety as follows: "I William Darrell Tate, am in full agreement to have my child support case with Brittany Walker Stanley reinstated at $200.00 a month effective December 1st 2007[.]" The "consent statement" was signed by William Darrell Tate, dated 14 November 2007, and notarized.[1]

Thus, although the trial court's order is entitled "ORDER," it is in effect a "consent judgment" as it is based solely upon a "consent statement" and contains no independent findings of fact or conclusions of law. *See Buckingham v. Buckingham*, 134 N.C. App. 82, 89, 516 S.E.2d 869, 875, *disc. review denied*, 351 N.C. 100, 540 S.E.2d 353 (1999).

Any judgment by consent

is the agreement of the parties, their decree, entered upon the record with the sanction of the court. It is not a judicial determi-

---

1. We note that it is not obvious from the brief description of the "consent statement" that plaintiff even intended to have the court enter an order at all. In fact, the 28 September 2001 "Consent Agreement and Order to Modify Child Support Order" provided that Ms. Walker and Mr. Tate would " 'deal directly with one another regarding child support and arrearage' " and there was no court-ordered child support. However, we will assume for purposes of this opinion that plaintiff did intend to submit a consent agreement in the form of an order.

nation of the rights of the parties and does not purport to represent the judgment of the court, but merely records the preexisting agreement of the parties. It acquires the status of a judgment, with all its incidents, through the approval of the judge and its recordation in the records of the court.

This Court specifically stated that a consent judgment need not contain findings of fact or conclusions of law in *In re Estate of Peebles*, 118 N.C. App. 296, 454 S.E.2d 854 (1995):

A consent judgment is merely a recital of the parties' agreement and not an adjudication of rights. This type of judgment does not contain findings of fact and conclusions of law because the judge merely sanctions the agreement of the parties.

*Id.* (citation, quotation, and brackets omitted). Furthermore, in the case *sub judice*, independent findings or conclusions would have been impossible as no evidence or testimony was presented. Accordingly, we will analyze the order as a consent judgment.

The trial court's authority to enter a consent judgment depends upon the consent of all parties to entry of the order at the time the court approves it. *See, e.g., Tevepaugh v. Tevepaugh*, 135 N.C. App. 489, 492-93, 521 S.E.2d 117, 120 (1999).

The power of the court to sign a consent judgment depends upon the unqualified consent of the parties thereto, and the judgment is void if such consent does not exist at the time the court sanctions or approves the agreement and promulgates it as a judgment. There is no requirement with consent judgments, including consent judgments relating to property, support and custody rights of married persons, that the parties, at the time of the entry of the judgment, actually appear in court and acknowledge to the court their continuing consent to the entry of the consent judgment. The parties' failure, however, to acknowledge their continuing consent to the proposed judgment, before the judge who is to sign the consent judgment, subjects the judgment to being set aside on the ground the consent of the parties was not subsisting at the time of its entry.

*Id.* (citations, quotation marks, ellipses, and footnotes omitted). *Brundage v. Foye*, 118 N.C. App. 138, 140, 454 S.E.2d 669, 670 (1995) ("A consent judgment is a contract of the parties entered upon the records of a court of competent jurisdiction with its sanction and approval. The power of the court to sign a consent judgment depends

upon the unqualified consent of the parties thereto; and the judgment is void if such consent does not exist at the time the court sanctions or approves the agreement and promulgates it as a judgment." (citations and quotation marks omitted)). In *Lalanne v. Lalanne*, this Court noted that

> [t]he agreement dictated to the court on 5 September 1978 did not constitute a consent judgment[] [as] [n]either party nor the judge signed the memorandum. There was no consent by the defendant to the entry of judgment by the judge in January 1979, and the judge had no authority to enter the same. If the writing entered by the court on that date is a contract between the parties, it must be litigated in another suit on another date.

*Lalanne v. Lalanne*, 43 N.C. App. 528, 530, 259 S.E.2d 402, 403-04 (1979). For these reasons, in *Lalanne* this Court vacated the judgment. *See id.* at 530, 259 S.E.2d at 404.

Here, there was not a written memorandum of the terms of the order signed by all parties and the trial court.[2] No order was dictated in the record at the time of the hearing, and even if it had been, defendant was not present to indicate his consent to any terms dictated. The trial court did not have authority to enter the consent order because there was no consent by defendant for the trial court to enter the order. The order as executed on 23 October 2008 was apparently prepared long after the hearing. Furthermore, the record does not contain any indication that defendant consented to entry of the order approximately ten months later, when the order was signed.

Entry of the order *nunc pro tunc* does not correct the defect. *Nunc pro tunc* means "now for then;" Black's Law Dictionary 1174 (9th ed. 2009). What the court did not do then, 7 December 2007, cannot be done now, on 23 October 2008, simply by use of these words. *See Walton v. N.C. State Treasurer*, 176 N.C. App. 273, 276, 625 S.E.2d 883, 885 (2006).

> The power of a court to open, modify, or vacate the judgment rendered by it must be distinguished from the power of a court to

---

2. This case is distinguished from those in which a written memorandum of a consent order has been presented to the trial court with the consent of all parties and approved by the trial court, although the formal order is prepared and signed later. *See Buckingham v. Buckingham*, 134 N.C. App. 82, 84, 516 S.E.2d 869, 872 (1999) ("[B]oth [parties] consented to the consent judgment memo which was presented to the court on 14 October 1997, signed by Judge Payne as 'approved,' and filed by the clerk of court.) Here, no written memorandum of the consent order was agreed upon or presented to the court on 7 December 2007.

amend records of its judgments by correcting mistakes or supplying omissions in it, and to apply such amendment retroactively by an entry nunc pro tunc. Nunc pro tunc is merely descriptive of the inherent power of the court to make its records speak the truth, to record that which was actually done, but omitted to be recorded. A nunc pro tunc order is a correcting order. The function of an entry nunc pro tunc is to correct the record to reflect a prior ruling made in fact but defectively recorded. A nunc pro tunc order merely recites court actions previously taken, but not properly or adequately recorded. A court may rightfully exercise its power merely to amend or correct the record of the judgment, so as to make the court[']s record speak the truth or to show that which actually occurred, under circumstances which would not at all justify it in exercising its power to vacate the judgment. However, a nunc pro tunc entry may not be used to accomplish something which ought to have been done but was not done.

*Id.* In this instance, the trial court attempted to use entry *nunc pro tunc* "to accomplish something which ought to have been done but was not done." *Id.* No substantive hearing was held on 7 December 2007 upon which the trial court could base its order; no order, by consent or otherwise, was entered in open court or presented to the trial court at the time of the hearing. Defendant never consented to entry of the order. Accordingly, we must vacate the order.

### III. Conclusion

As the trial court did not have authority to enter a consent judgment, we vacate the order.

VACATED.

Judges GEER and ERVIN concur.