IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA22-591

Filed 18 April 2023

Alamance County, No. 19 JT 42

IN THE MATTER OF: K.J.E.

Appeal by respondent-father from order entered 18 April 2022 by Judge Frederick B. Wilkins, Jr., in Alamance County District Court. Heard in the Court of Appeals 8 March 2023.

*Kelly Fairman for petitioner-appellee mother.*

*Sean P. Vitrano for respondent-appellant father.*

DILLON, Judge.

This appeal is the second in this matter. In this appeal, Respondent ("Father") challenges the order entered on remand from the first appeal terminating his parental rights to K.J.E. (referred herein by the pseudonym "Keith"). We affirm the adjudication portion of the order in which the trial court determined that Father had willfully abandoned Keith. However, we also vacate the order's disposition portion terminating Father's parental rights, and we remand the matter to the trial court.

I.     Background

In 2019, Keith's mother ("Mother") filed a petition seeking the termination of Father's parental rights to their son Keith, based, in part, on willful abandonment.

The procedure to terminate one's parental rights involves two distinct stages, namely, the adjudication stage (where the trial court determines whether one or more of the statutory grounds for termination exist), and the disposition stage (where the trial court determines whether termination of the parent's rights is in the child's best interest). *In re Montgomery*, 311 N.C. 101, 110, 316 S.E.2d 246, 252 (1984).

In 2020, after a hearing on the matter, the trial court entered its first order terminating Father's parental rights. In the adjudication portion of this 2020 order, the trial court determined that one of the statutory grounds for termination existed, specifically, that Father had willfully abandoned Keith in 2019 for more than six months immediately prior to the filing of the petition. *See* N.C. Gen. Stat. § 7B-1111(a)(7) (2019). In the order's disposition portion, the trial court determined it was in Keith's best interests that Father's parental rights be terminated. The trial court relied in part on a report from Keith's court-appointed guardian ad litem (the "GAL").

A year later, in 2021, our Supreme Court vacated the trial court's 2020 order and remanded the matter on the basis that there were insufficient findings to support its adjudication portion. *In re K.J.E.*, 378 N.C. 620, 624, 862 S.E.2d 620, 623 (2021).

In 2022, after the hearing on remand, the trial court entered its second order, making additional findings regarding adjudication and terminating Father's parental rights. During that hearing, the trial court re-appointed the GAL to represent Keith's interests. However, the trial court denied Father's motion to receive new evidence. Rather, the trial court relied solely on the record from the 2020 hearing to enter its

2022 order.  The trial court entered this new order "out of session *nunc pro tunc* [to] 16 September 2020".  Father timely appealed.

## II.    Analysis

In 2022 order being appealed, the trial court addressed both the adjudication stage and the disposition stage.  A trial court is allowed to consider both stages at the same hearing and to enter a single order addressing both stages.  *See In re S.M.M.*, 374 N.C. 911, 915, 845 S.E.2d 8, 12 (2020) ("Although the dispositional evidence [is] intertwined with adjudicatory evidence, a trial court is not required to bifurcate the hearing into two distinct stages.")

In this appeal, Father only challenges the disposition portion of the 2022 order. He makes no challenge to the adjudication portion.  Therefore, we affirm the order's adjudication portion, which again determining that Father had willfully abandoned Keith for the relevant period in 2019.

Turning to the disposition portion of the 2022 order, Father argues that the trial court was required to enter a new disposition order rather than simply re-adopting its disposition determination it made in its 2020 order.

We note that when our Supreme Court vacated the 2020 order, it necessarily vacated its disposition portion.  We agree with Father that the trial court was required on remand during the disposition stage (assuming that the trial court determined in the adjudication stage that a statutory ground for termination existed) to determine the best interests of the child at or near the time of the 2022 hearing.

The trial court has broad, but not unlimited, discretion to decide whether to hear new evidence at a remand hearing. *See In re R.D.*, 376 N.C. 244, 253, 852 S.E.2d 117, 126 (2020) ([T]he trial court [has] broad discretion regarding the receipt of evidence in its quest to determine the best interests of the child . . . [a]lthough this reservoir of discretion is not limitless[.]") That is, it is not *per se* error for a trial court to base its best-interest determination at a remand hearing on the record from an earlier hearing, for instance, where no one attempts to offer new evidence.

Here, however, the trial court entered its 2022 order *nunc pro tunc* to 2020, evidencing that the trial court did not believe it was required to make the "best-interest" determination as of 2022. The trial court's belief is also reflected in many of its findings. For instance, the trial court found in its 2022 order that Keith was four years old, as it found in 2020.

Our Supreme Court has instructed that a trial court's authority to enter an order *nunc pro tunc* to an earlier date is limited. *See State v. Eley*, 326 N.C. 759, 765, 392 S.E.2d 394, 397 (1990). And we have held that a judge cannot use a *nunc pro tunc* "to accomplish something which ought to have been done but was not done":

> "[t]he power of the court to open, modify, or vacate the judgment rendered by it must be distinguished from the power of the court to amend records of its judgments by correcting mistakes or supplying omissions in it, and to apply such amendment retroactively by an entry nunc pro tunc."

*Rockingham County v. Tate*, 202 N.C. App. 747, 751-52, 689 S.E.2d 913, 917 (2010).

We conclude that entering the 2022 order *nunc pro tunc* to 2020 was an inappropriate use of a *nunc pro tunc* order. The trial court was not simply correcting the order to reflect findings that it had, in fact, made in 2020. Rather, the trial court added findings it failed to make at the 2020 hearing. *See In re V.T.*, 269 N.C. App. 474, 837 S.E.2d 215 (2020) (noting that designating an adjudication and disposition order *nunc pro tunc* to the prior year was "not a proper *nunc pro tunc* order") (unpublished).

Accordingly, we vacate the disposition portion of the 2022 order and remand the matter for a new disposition hearing. At that hearing, the trial court must exercise its discretion to determine whether it is *then* in Keith's best interests that Father's parental rights be terminated. *See In re K.N.K.*, 374 N.C. 50, 57, 839 S.E.2d 735, 740 (2020) (trial court's best-interest determination is reviewed for abuse of discretion). In the remainder of this opinion, we address other issues raised by Father in this appeal, as they are likely to come up on remand.

We first address Father's argument that the trial court abused its discretion by failing to allow Father to introduce certain evidence of matters that had arisen since the 2020 hearing, which he claims bears on Keith's best interest.

Unlike the adjudication stage, "the disposition stage of a termination proceeding is not adversarial." *In re R.D.*, 376 N.C. 244, 253, 352 S.E.2d 117, 125 (2020). Rather, the stage is "more inquisitorial[.]" *Id.* Accordingly, the trial court is not bound by the Rules of Evidence during this second stage, but it is vested with "broad discretion" to consider "whatever evidence the trial court believes is most

'relevant, reliable, and necessary'." *Id.* And a trial court has discretion concerning evidentiary matters in a remand hearing. *See, e.g., In re K.N.*, 373 N.C. 274, 285, 837 S.E.2d 861, 869 (2020) (stating that "[o]n remand, the trial court shall have the discretion to determine whether the receipt of additional evidence is appropriate"); *In re N.D.A.*, 373 N.C. 71, 84, 833 S.E.2d 768, 777 (2019) (stating in its an opinion vacating a termination order that "[t]he trial court may [on remand], in the exercise of discretion, receive additional evidence on remand if it elects to do so.")

Mother, though, notes our Supreme Court did not state in its 2021 mandate that the trial court had discretion to take new evidence, but rather, merely instructed the trial court to make additional findings. However, our Supreme Court has recently recognized that a trial court *does* have such discretion on remand in a termination case where the appellate court was silent in its mandate on receiving new evidence at the remand hearing. *See In re S.M.M.*, 374 N.C. at 914, 845 S.E.2d at 11-12 (noting the "opinion was silent as to whether the trial court should take new evidence on remand, and therefore, the [appellate court] left that decision to the trial court's sound discretion").

Our Supreme Court held in 1984 that a trial court *must* generally hear any evidence relevant to the best-interest determination if the evidence is not cumulative.

> "Whenever the trial court is determining the best interest of a child, any evidence which is competent and relevant to a showing of the best interest of the child must be heard and considered by the trial court, subject to the discretionary powers of the trial court to exclude

cumulative testimony."

*In re Shue*, 311 N.C. 586, 597, 319 S.E.2d 567, 574 (1984).

In July 2020, citing *Shue*, our Supreme Court suggested that a trial court *might* abuse its discretion when it refuses to consider new evidence bearing on the trial court's best-interest determination, provided the motion forecasts more than mere speculation that facts may have changed since the original order was entered:

> "Mere speculation that some facts may have changed in the eighteen months since the court originally heard evidence is not sufficient to demonstrate that the trial court abused its discretion in denying respondent's motion to reopen the evidence on remand.
>
> Absent any forecast of relevant testimony or other evidence bearing upon the [trial court's] ultimate determination of the child's best interests, the trial court's decision to refrain from reopening the record is entirely consistent with [our Supreme Court's] general admonition that a trial court must always hear any relevant and competent evidence concerning the best interests of the child. In this case there was simply no evidence to be heard by the trial court on remand."

*In re S.M.M.*, 374 N.C. at 915, 845 S.E.2d at 12 (citing *In re Shue*, 311 N.C. at 597, 319 S.E.2d at 576).

Later in 2020, our Supreme Court described a trial court's discretion on evidentiary questions to be broad, but not unlimited:

> "[T]he focus during the dispositional stage is entirely on ascertaining the best interests of the child by utilizing whatever evidence the trial court believes is most 'relevant, reliable, and necessary.' N.C.G.S. § 7B-1110(a). This statute gives the trial court broad discretion regarding the

> receipt of evidence in its quest to determine the best interests of the child under the particular circumstances of the case… the reservoir of discretion [however] is not limitless[.]"

*R.D.*, 376 N.C. at 253, 852 S.E.2d at 125-26.

Almost a year later, in September 2021, our Supreme Court, citing its 2020 *R.D.*, found no abuse of discretion where the trial court had curtailed the respondent-parent's testimony during the disposition stage, emphasizing that N.C. Gen. Stat. § 7B-1110(a) states that a judge "*may* consider evidence . . . that the court finds *relevant, reliable, and necessary* to determine the best interests of the juvenile." *In re. M.Y.P.*, 378 N.C. 667, 680, 863 S.E.2d 773, 782 (2021). Our Court has since cited *M.Y.P.* to recognize that a trial court has wide discretion to determine whether "to admit or deny evidence at the dispositional phase[.]" *In re M.T.*, __ N.C. App. __, __, 877 S.E.2d 732, 768 (2022).

Father listed several matters in his motion to reopen evidence at the 2022 hearing, and his attorney represented to the trial court that Father has interacted with Keith since 2020. However, Father was not allowed to make an offer of proof concerning his evidence on these matters. Accordingly, we make no holding as to whether it was an abuse of discretion for the trial court not to allow the evidence. However, we conclude the trial court has a duty to hear any relevant evidence concerning Keith's best interests, it has wide discretion to determine what evidence is "relevant, reliable, and necessary" on this question, and the trial court must not

abuse its discretion by denying a party the ability to present such evidence.

We now address Father's contention that the trial court erred by failing to continue the hearing to allow the GAL to visit with Keith, Mother, and Father, and then make a new "best-interest" report to the trial court. Indeed, one of the functions of the GAL is to provide information to the trial court to aid the trial court's decision regarding the child's best interest. *See* N.C. Gen. Stat. § 7B-601(a) (2022).

At the 2022 hearing, the GAL told the trial court that since she had just been reappointed, she had nothing new to add from her 2020 report concerning Keith's best interest, and as a result, a 30-day continuance would be important to allow her to reassess the situation and report her findings to the trial court.

It could be argued that the trial court's refusal to allow the GAL to reassess the information was an abuse of discretion. A trial court, though, also has broad discretion to determine whether to grant a continuance. *See In re S.M.*, 375 N.C. 673, 681, 850 S.E.2d 292, 300 (2020) (trial court has discretion to determine whether good cause exists to grant a continuance of a termination hearing). While a trial court has the discretion to deny a party from developing evidence based on speculation that matters may have changed since the prior hearing. *S.M.M.*, 374 N.C. at 915, 845 S.E.2d at 12. our Supreme Court has suggested a trial court should not begin to make a determination before the GAL can perform her duties. *See In re W.K.*, 376 N.C. 269, 274, 852 S.E.2d 83, 88 (2020). We make no determination as to whether the trial court abused its discretion on this issue at the 2022 hearing. We, however, point out

that when this matter comes back on for hearing, the trial court will be making a best-interest determination with information from 2020. It would seem to be an abuse of discretion if the trial court, on remand from our opinion today, made a best-interest determination based on 2020 information where the court could access newer information. If, however, the trial court determines in its discretion not to allow additional evidence at that hearing or an updated GAL report, we urge the court to make detailed findings concerning why it believes new evidence would not be relevant, reliable, and necessary to the child's best interest.

Finally, we address Father's argument that he should have been allowed to make an offer of proof of the evidence he would have offered at the 2022 hearing. Mother argues that offers of proof are not appropriate in termination proceedings. However, our Supreme Court has recognized that a party to a termination proceeding should be allowed to make an offer of proof of the evidence he would have offered to protect the record. *See M.Y.P.*, 378 N.C. at 679-80, 862 S.E.2d at 782. Accordingly, we conclude that it was error for the trial court not to allow Father to make his offer of proof he was prepared to make at the 2022 hearing.

## III. Conclusion

We affirm the adjudication portion of the trial court's 2022 order. However, we vacate the order's disposition portion and remand the matter for a new disposition hearing. On remand and as explained herein, the trial court has broad, but not unlimited, discretion to determine what new evidence to hear to aid in making its

best-interest determination.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED.

Judges TYSON and GORE concur.